## FRANK OCTO *vs.* MICHAEL J. TEAHAN.

Hampden.   Sept. 26. — Oct. 23, 1882.   ENDICOTT, LORD & FIELD, JJ.,
absent.

The exclusive original jurisdiction of all actions of replevin where the value of the property alleged to be detained does not exceed one hundred dollars, conferred upon trial justices by the St. of 1877, *c.* 211, § 3, extends, by force of the Gen. Sts. *c.* 116, §§ 10, 18, to district and police courts; and an action of replevin where the value of the property replevied does not exceed one hundred dollars cannot be brought originally in the Superior Court.

REPLEVIN of certain personal property. The writ, dated March 5, 1881, and returnable to the Superior Court, alleged the goods to be of the value of $100.

At the trial, it appeared that the value of the property when replevied was $28.65; and thereupon, on motion of the defendant, *Putnam*, J. dismissed the action for want of jurisdiction. Judgment was entered for the defendant; and the plaintiff appealed ·to this court.

*H. K. Hawes*, for the plaintiff.

*R. O. Dwight & P. H. Casey*, for the defendant.

MORTON, C. J. In this Commonwealth, an action of replevin for goods cannot be maintained unless the value of the goods exceeds twenty dollars. Gen. Sts. *c*. 143, § 10. Pub. Sts. *c*. 184, § 10. *King* v. *Dewey*, 11 Cush. 218.

By the General Statutes, the Superior Court had original jurisdiction of all actions of replevin where the value of the goods replevied exceeded twenty dollars; and police courts and justices of the peace had concurrent jurisdiction where the value of the goods did not exceed one hundred dollars. Gen. Sts. *c*. 114, §§ 3, 4; *c*. 116, §§ 10, 18; *c*. 120, § 2.

In 1871, it was provided that the police and municipal courts should have jurisdiction concurrently with the Superior Court of all personal actions and proceedings in civil cases in which the amount demanded, or the value of the property claimed, did not exceed three hundred dollars. St. 1871, *c*. 144.

In 1877, the Legislature enacted that police and district courts should have original and concurrent jurisdiction with the Superior Court of all actions of contract, tort or replevin where the debt or damages demanded, or the value of the property alleged to be detained, was more than twenty and did not exceed three hundred dollars. St. 1877, *c*. 210.

Under these statutes, if they have not been repealed or controlled by other provisions, it is clear that the Superior Court would have original jurisdiction in all actions of replevin where the value of the goods replevied is more than twenty dollars; that police and district courts have concurrent jurisdiction, within their territorial limits, where the value of the goods does not exceed three hundred dollars; and that trial justices have concurrent jurisdiction where the value of the goods does not exceed one hundred dollars.

But by another statute of 1877, approved and to take effect on the same day with chapter 210 and embodied in chapter 211,

the Legislature enacted that trial justices shall have exclusive original jurisdiction of all actions of contract, tort or replevin, where the debt or damages demanded, or value of the property alleged to be detained, does not not exceed one hundred dollars, and original and concurrent jurisdiction with the Superior Court of actions of contract, tort or replevin where the debt or damages demanded, or the value of the property alleged to be detained, is more than one hundred and does not exceed three hundred dollars. St. 1877, c. 211, § 3.

Whether this statute, though passed on the same day, is to be regarded as a subsequent statute, and as the latest expression of the will of the Legislature, or the two statutes are to be regarded as passed at the same time, we need not decide. In either view, they must be construed in connection with existing statutes and the general policy of the Commonwealth upon the subject. The general laws, not repealed or modified, which define the powers of district and police courts, provide that they shall have the same powers and jurisdiction as justices of the peace or trial justices. Gen. Sts. c. 116, §§ 10, 18. Pub. Sts. c. 154, § 11. Whenever the Legislature confers additional powers or jurisdiction upon justices of the peace or trial justices, it by the same act confers the same powers upon district and police courts, unless they are excluded by express provision or clear implication. When, therefore, the Legislature of 1877 conferred upon trial justices exclusive jurisdiction in actions of replevin where the value of the property replevied does not exceed one hundred dollars, it conferred the same exclusive jurisdiction upon district and police courts. There is nothing in the statutes to indicate a different intention.

The purpose of the statutes was to enlarge the jurisdiction of the inferior courts, not to impair it. The whole history of legislation upon the subject shows that police and district courts are regarded as of a somewhat higher grade than justices of the peace, and it is highly improbable that the Legislature should intend to confer upon the inferior tribunal a higher and more dignified jurisdiction than that possessed by the superior tribunal. It may be added, that the commissioners and the Legislature adopted the same construction of these statutes in the last revision. Pub. Sts. c. 154, § 11; c. 155, § 12.

It follows that, at the time this suit was brought, the Superior Court had not original jurisdiction of actions of replevin where the value of the goods replevied did not exceed one hundred dollars; and, as it appeared at the trial that the goods replevied were of less value than one hundred dollars, the presiding justice rightly dismissed the action. *Leonard* v. *Hannon*, 105 Mass. 113. *Blake* v. *Darling*, 116 Mass. 300.

*Judgment affirmed.*