## MAURICE BOSSIDY *vs.* MICHAEL BRANNIFF.

Berkshire.   Sept. 11. — 19, 1883.   FIELD & W. ALLEN, JJ., absent.

The jurisdiction given to police and district courts, by the St. of 1877, c. 210, § 4, in actions of tort, where the damages demanded are more than $20 and do not exceed $300, is not taken away by the St. of 1877, c. 211, § 3, giving trial justices exclusive jurisdiction in actions of tort where the damages demanded do not exceed $100.

TORT, for breaking and entering the plaintiff's close.   Writ dated September 2, 1880, and returnable to the Police Court of Lee.   The damages were laid at $100.

Upon the entry of the writ, the defendant appeared and filed a motion to dismiss the action, on the ground that the Police Court of Lee had no jurisdiction in the case.   A continuance was had, and the plaintiff during the interval filed a motion for leave to amend his writ, by raising the *ad damnum* from $100 to $200; and, when the case came on again for hearing, the plaintiff's motion was allowed, and the defendant's motion was overruled; judgment was rendered against the defendant for one

dollar damages, and the defendant appealed to the Superior Court.

In that court, the defendant renewed his motion to dismiss the action, on the ground that the Police Court had no jurisdiction, and the Superior Court had no appellate jurisdiction. *Knowlton,* J., overruled said motion, and ruled that said Police Court and the Superior Court had jurisdiction in the case; and ordered judgment for the plaintiff. The defendant alleged exceptions.

*W. C. Spaulding,* for the defendant.

*N. W. Shores,* (*A. B. Clark* with him,) for the plaintiff.

MORTON, C. J. The St. of 1877, *c.* 210, § 4, confers upon district and police courts original and concurrent jurisdiction with the Superior Court of all actions of contract, tort or replevin, where the debt or damages demanded, or the value of the property alleged to be detained, is more than twenty and does not exceed three hundred dollars. The St. of 1877, *c.* 211, § 3, passed on the same day, provides that trial justices shall have exclusive original jurisdiction in all actions of contract, tort and replevin where the debt or damages demanded, or value of the property alleged to be detained, does not exceed one hundred dollars, and concurrent jurisdiction with the Superior Court when the debt, damages or value is more than one hundred and does not exceed three hundred dollars.

The defendant contends that this later provision gives to trial justices jurisdiction, to the exclusion of district and police courts, in a case where the debt or damages demanded does not exceed one hundred dollars; and therefore, as in this case the original *ad damnum* was laid at one hundred dollars, that the Police Court of Lee had no jurisdiction.

In *Octo* v. *Teahan,* 133 Mass. 430, these statutes were considered; and it was held that, in so far as the later statute confers additional powers and jurisdiction upon trial justices, it confers the same powers and jurisdiction upon district, police and municipal courts. The purpose of the statute was to enlarge the limits of the exclusive original jurisdiction of trial justices, and of district, police and municipal courts. It is entirely clear that the statute was not intended to diminish the powers of these courts, as it contains an express provision that "nothing

in this act contained shall be held to impair the jurisdiction of any police, district or municipal court." St. 1877, *c.* 211, § 9.

It follows, that the Police Court of Lee had jurisdiction of the case as originally brought before it, and we need not discuss the effect of the amendment raising the *ad damnum* to two hundred dollars.                                        *Exceptions overruled.*