### RHODA A. GRAY *vs.* CHARLES L. DEAN.

Bristol.    Oct. 23. — Nov. 30, 1883.    FIELD & W. ALLEN, JJ., absent.

The Superior Court has no authority to order a return of property replevied in an action, which has been dismissed by that court for want of jurisdiction because the value of the property did not exceed one hundred dollars.

DEVENS, J.    This is an action of replevin.    The value of the replevied property, as appeared by the agreement of parties, did not exceed one hundred dollars, and the Superior Court had therefore no jurisdiction of the action.    *Leonard* v. *Hannon*, 105 Mass. 113.    *Octo* v. *Teahan*, 133 Mass. 430.    The action having been dismissed for that reason, the defendant moved for an order for the return of the property, which was granted; and the question is here presented whether the Superior Court had authority to make this order.

In *Jordan* v. *Dennis*, 7 Met. 590, which was a writ of error to reverse a judgment of the Court of Common Pleas in replevin, it was held that, as that court had no jurisdiction of the action, so much of its judgment as ordered a return of the property replevied, with damages, must be reversed, while so much as awarded costs was affirmed.    The statute does not differ, except in one or two unimportant words, from that which was then in force.    Pub. Sts. c. 184, § 13.    Gen. Sts. c. 143, § 13.    Rev. Sts. c. 113, § 30.    That case is decisive of the present, unless its authority is to be disregarded.

The cases in which it has been held that, where an action of replevin has been dismissed upon the ground of some insufficiency in the service of process, a return of goods may be ordered, are distinguishable from those where the court has no jurisdiction over the subject matter.    Defects of the former character may be waived, while in the latter case even consent of parties cannot invest the court with authority to adjudicate.    *Gray* v. *Thrasher*, 104 Mass. 373.    Having jurisdiction of the subject matter of the suit, a court may pass those orders necessary to reinstate in their rights those who have been defectively served with process, or who have not received the proper security when property has been replevied from them.    These are matters which those affected by them may insist upon or not, but,

where there is no jurisdiction over the subject matter, a court is powerless to act.

It is said in *Lowe* v. *Brigham*, 3 Allen, 429, that the court has power to award " a return of the goods replevied, if the plaintiff for any cause fails to sustain his action ; " but the case is one where the action was dismissed on account of defective service by reason of an insufficient bond. The other cases cited are similar to this. *Briggs* v. *Humphrey*, 1 Allen, 371. *Davenport* v. *Burke*, 9 Allen, 116. *Jaques* v. *Sanderson*, 8 Cush. 271, 273. *McInerny* v. *Samuels*, 125 Mass. 425.

The distinction between awarding costs where the court has no jurisdiction, and ordering a return of the goods, is obvious. It is necessary that every court should so far entertain a case as to determine whether it has jurisdiction. To this extent it must adjudicate, and, as both parties must be heard, the losing party, under the broad words of our statute, is properly held to pay the costs. *Jordan* v. *Dennis, ubi supra*. As an order for a return is not a matter of right, but depends upon the claim of the defendant to the goods as it then exists, the parties must be heard upon it, and such a hearing would be inconsistent with the adjudication previously made that the court had no jurisdiction of the subject matter.                    *Exceptions sustained.*

*A. N. Lincoln*, for the plaintiff.

*H. K. Braley & M. G. B. Swift*, for the defendant.