WARREN A. MORSE *vs.* JAMES O'HARA.

Essex.    October 16, 1924 — January 2, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, & PIERCE, JJ.

*Poor Debtor. Practice, Civil,* Poor debtor proceedings, Appeal, Exceptions, Judgment. *Jurisdiction. Judgment.*

G. L. c. 231, § 96, gives no right of appeal to a defendant in a poor debtor proceeding from an order of the Superior Court denying a motion by him to dismiss for lack of jurisdiction his own appeal from a finding in a district court where no sentence has been imposed.

An objection of substance to the jurisdiction of the court before which a cause is being or has been tried can be taken at any stage of the proceedings; and therefore this court, on a bill of exceptions saved in the Superior Court by the defendant in a poor debtor proceeding pending there on an alleged appeal by him from a district court, will consider the question, whether the Superior Court had jurisdiction of the cause, although the defendant saved no exception to the denial by that court of a request by him for a ruling raising that question.

Proceedings under G. L. c. 224, §§ 6, 40, 41, 43, upon charges of fraud in poor debtor proceedings are civil, not criminal, in their nature.

"Judgment" upon charges of fraud under the sections above described imports both a finding of guilty and the imposition of a sentence.

If, after a finding of guilty on charges of fraud preferred under the statutory provisions above described, the defendant appeals before the imposition of sentence, such an appeal is wholly ineffectual.

A judgment debtor was found guilty upon charges of fraud preferred under the statutory provisions above described. No sentence was imposed. The defendant appealed to the Superior Court, where he was found guilty and alleged exceptions. *Held,* that

(1) The appeal to the Superior Court was wholly ineffectual and the action was still pending in the district court;

(2) Costs of all proceedings on appeal and on exceptions should be awarded against the debtor;

(3) The exceptions must be dismissed;

(4) In the Superior Court the appeal must be dismissed.

PETITION, filed in the District Court of Lawrence on December 27, 1920, seeking that the oath for the relief of poor debtors be administered to the petitioner.

In the district court the petitioner was found guilty of fraud as described in the opinion, the oath was refused, and the petitioner appealed "from the judgment of guilty upon the charges of fraud."

In the Superior Court the petition was tried before *Morton,* J. Before the case was opened formally, the defendant made a motion to dismiss it for lack of jurisdiction. The motion was denied "from which denial the defendant took an appeal." At the opening of the case, the defendant also asked the trial judge to rule that the court had no jurisdiction over the action "for the reason that the record showed that in the Lawrence District Court no sentence was imposed upon Warren A. Morse at the time of the finding." The ruling was refused, no exception was saved, and the trial proceeded. Other material facts are described in the opinion. The jury returned a verdict of guilty against the petitioner. The petitioner alleged exceptions.

*J. P. S. Mahoney,* for the petitioner, submitted a brief.

*R. L. Sisk,* for the respondent.

RUGG, C.J. This case arises out of the arrest of the petitioner on an execution issued in favor of O'Hara against him in an action of tort for personal injuries. The debtor, after having been once refused the oath for the relief of poor debt-

ors, and after having waited the statutory period thereafter, petitioned another court to administer to him that oath. In that proceeding charges of fraud were preferred against him by the judgment creditor. The court found after examination that the debtor had no property to apply on the execution, but made a finding of guilty on the charges of fraud and for that reason refused the oath. The record states that the "debtor appeals from the judgment of guilty upon the charges of fraud." He gave recognizance as required and was thereupon discharged from custody.

When the case came on to be heard in the Superior Court, the debtor filed a motion to dismiss his own appeal. It was denied and the debtor appealed. No appeal lies. G. L. c. 231, § 96. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133. The proper way to secure review of such a ruling is by exception.

A requested ruling, that the court had no jurisdiction on the ground that the district court had imposed no sentence upon the finding of fraud and that therefore the matter was not properly before the court, was refused. This point affected the jurisdiction of the Superior Court over the cause. That may be raised at any time. *Eaton* v. *Eaton*, 233 Mass. 351, 364. *Corcoran* v. *Higgins*, 194 Mass. 291. *Devine's Case*, 236 Mass. 588, 592. It has been argued in this court. Therefore it must be considered and decided notwithstanding the fact that no exception was saved.

The statutory provisions respecting the making and trial of charges of fraud in poor debtor proceedings are found in G. L. c. 224, §§ 6, 40, 41, 43. By § 40 it is provided that such "charges shall be considered in the nature of an action at law, to which the defendant or debtor may plead guilty or not guilty, and which the court may thereupon hear and determine." By § 43 it is enacted that if upon trial the debtor "is found guilty on any such charge, he shall not benefit by proceedings under this chapter, and may be sentenced to imprisonment for not more than one year." The right of appeal is declared in § 41 in these words: "A party aggrieved by a judgment rendered under the preceding section may appeal therefrom to the Superior Court . . . ."

There is nothing to indicate that " judgment " in § 41 is used in any other than its ordinary meaning.   The inference from the context is that it was intended to have its usual signification.   Judgment is the word used to express the action from which appeals may be taken in civil matters from district courts to the Superior Court.   See G. L. c. 231, § 97. Proceedings under charges of fraud are civil, not criminal, in their nature.   *Parker* v. *Page,* 4 Gray, 533.   *Anderson* v. *Edwards,* 123 Mass. 273.   Judgment is the final decision or sentence of the law rendered by a court of justice with respect to a cause within its jurisdiction and coming legally before it as the result of proper proceedings rightly instituted. *Peirce* v. *Boston,* 3 Met. 520, 521.   *Commonwealth* v. *Lockwood,* 109 Mass. 323.   *Weld* v. *Clarke,* 215 Mass. 324. *Gould's Case,* 215 Mass. 480, 482.   *Commonwealth* v. *Dascalakis,* 246 Mass. 12, and cases there collected.   The word " judgment " is commonly used in this sense in connection with appeals.   *Cotter* v. *Nathan & Hurst Co.* 211 Mass. 31, and cases there collected.   *Hogan* v. *Ward,* 117 Mass. 67. *Riley* v. *Farnsworth,* 116 Mass. 223.   *Weil* v. *Boston Elevated Railway,* 216 Mass. 545, 546, and cases there collected. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 253.   *McMillan* v. *Gloucester,* 244 Mass. 150.   A few instances of peculiar facts may be found where the rule has been slightly relaxed.   *Commonwealth* v. *McCormack,* 126 Mass. 258.   *Maley* v. *Moshier,* 160 Mass. 415.   *Oliver Ditson Co.* v. *Testa,* 216 Mass. 123, and cases there collected. But they are exceptional and, without impugning their authority, are not to be extended to a case like the present. Judgment upon charges of fraud under the pertinent sections of the poor debtor law imports both the finding of guilty and the imposition of sentence.   So far as we know, it has been the universal practice, in appeals by debtors found guilty upon charges of fraud under the poor debtor law, for sentence to be imposed in the court of first instance before appeal has been taken.   *Morse* v. *Dayton,* 125 Mass. 47.   *Smith* v. *Dickinson,* 140 Mass. 171.   *Lockhead* v. *Jones,* 137 Mass. 25. *Noyes* v. *Manning,* 159 Mass. 446.   *Clatur* v. *Donegan,* 126 Mass. 28.   *Fletcher* v. *Bartlett,* 10 Gray, 491.   *Mowry's Case,*

112 Mass. 394.  *Lamagdelaine* v. *Tremblay*, 162 Mass. 339. This conclusion is supported by the decisions where the decision in the court of first instance has been in favor of the debtor on charges of fraud.  The right of the debtor under such circumstances is to have the oath administered to him and to be discharged, even though he may be found guilty on the charges on appeal by the creditor.  *Ingersoll* v. *Strong*, 9 Met. 447.  *Collamore* v. *Fernald*, 3 Gray, 318.  *Stockwell* v. *Silloway*, 100 Mass. 287.

The case at bar is governed in principle by *Bowler* v. *Palmer*, 2 Gray, 553.  That was an appeal from a justice of the peace, where verdict had been rendered in favor of the plaintiff but no judgment entered, to the court of common pleas.  The statute permitted an appeal from a judgment. The appeal was taken by the defendant who, after entering the case in the appellate court and answering to the merits, moved to dismiss his own appeal.  It was held: " This action was never withdrawn from the jurisdiction of the justice of the peace before whom it was brought and prosecuted.  He had rendered no judgment in it, and it was still pending before him, when an appeal to the court of common pleas was claimed and taken by the defendant.  But that appeal was wholly ineffectual, because no party can appeal from any of the proceedings of a justice of the peace, in a civil action, except his final judgment."  Cases like *Commonwealth* v. *McCormack*, 126 Mass. 258, *Jordan* v. *Dennis*, 7 Met. 590, *Wheeler & Wilson Manuf. Co.* v. *Burlingham*, 137 Mass. 387, *Granger* v. *Parker*, 142 Mass. 186, and *Shour* v. *Henin*, 240 Mass. 240, 243, have no relevancy under the circumstances here disclosed.

The decision by the judge of the district court on the charges of fraud was one step in the procedure.  Sentence was necessary before the case would reach the stage of judgment, from which alone the debtor could appeal.  The case at bar is still pending in the district court awaiting judgment. Costs of all proceedings on appeal and on exceptions should be awarded against the debtor.

The result is that the exceptions must be dismissed.  In the Superior Court the appeal must be dismissed.

*So ordered.*