ROBERT A. CARROLL & another *vs.* ABRAHAM BERGER
& others.

Plymouth.   January 22, 1926. — February 26, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Replevin*, Bond. *Contract*, Construction. *District Court*, Jurisdiction.
    *Jurisdiction.   Judgment.*

If it appears that the value of property, taken by an officer in an action of
    replevin brought in a district court, exceeds $1,000, it is the duty of that
    court, or of the Superior Court on appeal, to dismiss the action and to
    award judgment for the defendant for costs, but no order for a return
    of the property replevied can be included in the judgment.

If, in the circumstances above described, the clerk of the court made an
    entry, "Judgment for defendant," such entry is not protected from
    collateral attack, and works no estoppel, even on a party to the pro-
    ceeding in which it purports to have been rendered.

The provision in a replevin bond, that the obligor "shall prosecute said
    action of replevin to final judgment," plainly contemplates a prosecu-
    tion to a final judgment on the merits so as to determine a right of pos-
    session in the plaintiff in replevin or to direct a return and restoration
    to the defendant.

If an action of replevin, brought in a district court, is dismissed with costs
    to the defendant because the value of the property replevied exceeds
    $1,000, and the plaintiff in the action does not return to the defendant
    the property seized upon the writ, there is a breach of the bond upon
    which the defendant may maintain an action of contract against the
    plaintiff and his surety.

CONTRACT upon a replevin bond.   Writ dated September
12, 1922.

In the Superior Court, the action was tried before *Weed*, J.
Material evidence is described in the opinion.   At the close
of the evidence, the defendants moved for a verdict in their
favor.   The motion was denied.   There was a verdict for
the plaintiffs in the penal sum of the bond, $2,000.   A jury
trial on the issue of the amount for which execution should
be ordered having been waived, the judge determined dam-
ages, and ordered execution in the sum of $1,105.28.   The
defendants alleged exceptions.

*G. C. Friel,* for the defendants.

*W. G. Rowe, (E. A. MacMaster* with him,) for the plaintiffs.

PIERCE, J.   This is an action on a replevin bond by the plaintiffs, in their position of obligees, against the defendants, as principals and sureties on the bond, for the breach of the condition therein, which reads: "Now if the above bounden Berger et al shall prosecute said action of replevin to final judgment . . . then this obligation shall be void, otherwise it shall remain in full force and virtue."   At the close of the evidence, the defendants filed a written motion for a directed verdict in their favor on the ground that, upon the facts found, no breach of the condition of the replevin bond had been shown.   The trial judge denied the motion and the defendants duly excepted.   The jury found for the plaintiffs in the sum of $2,000, the penal sum of the bond. The hearing by a jury upon the question as to what amount execution should issue for was then waived by all parties, and the judge determined and awarded execution in the sum of $1,105.28.

"The following facts were proven in a trial before a jury of the case at bar."   The defendants Berger had instituted an action of replevin against the present plaintiffs by a writ issuing out of the Police Court of the city of Brockton, dated July 27, 1920, in which the ad damnum was $1,000.   At the time the action was brought, district courts, which term includes police courts (G. L. c. 218), had concurrent jurisdiction with the Superior Court of actions of replevin where the value of the property "alleged to be detained does not exceed one thousand dollars."   G. L. c. 218, § 19; see now St. 1922, c. 532, § 12A.   The property alleged to be unlawfully detained was seized by a deputy sheriff under the replevin writ on July 29, 1920.   On its return day the replevin writ was entered in said Police Court and the bond (a copy of which is annexed to the record in the case at bar) was filed with the writ in that court.

On the return day, the defendants in the action of replevin filed an "Answer in Abatement" — "denying the jurisdiction of the court over them in this action," and assigned as causes why they should not be held to answer the plaintiffs' writ,

in substance, that the value of the goods alleged to be unlawfully detained is in excess of $1,000, G. L. c. 218, § 19, and that the bond in the sum of $2,000 is insufficient in that "it is not in a sum equal to double the value of the goods alleged to be detained unlawfully." G. L. c. 247, §§ 2, 8. The defendants further prayed that the goods described in the plaintiffs' writ be ordered returned to the defendants and that the said defendants have judgment for the costs and damages.

After hearing, the Police Court ordered the action dismissed in that court. On the appeal of the plaintiffs in the replevin action in the Superior Court, the court submitted the following issues to the jury: (1) Did the value on July 27, 1920, of the Buick sedan automobile replevied exceed $1,000? and (2) Did the value on July 29, 1920, of the Buick sedan automobile replevied exceed $1,000? The date referred to in the first question was the date of the replevin writ and the date referred to in the second question was the date of the taking of the property by the officer, by virtue of the replevin writ. The jury answered "yes" to both questions. The case was thereupon dismissed by order of the court. The said automobile was never returned to the defendants in the replevin case, nor was any order of court made therefor. The clerk made the following entries in the replevin case: " . . . verdict for defendant upon answer in abatement, by order of court." "Judgment for defendants." "Execution for costs $38.33."

Upon the facts found by the court and jury, that the value of the replevied property at the time of the suing out of the writ exceeded $1,000, it became the duty of the Police Court and of the Superior Court to order the action dismissed and that judgment be awarded the defendants for costs. *Jordan* v. *Dennis*, 7 Met. 590. *Sackett* v. *Kellogg*, 2 Cush. 88, 91. *Davenport* v. *Burke*, 9 Allen, 116. *Gray* v. *Dean*, 136 Mass. 128. Being without jurisdiction to hear the parties the court could not order a return, but it had authority to decide whether it had jurisdiction to hear the parties on the merits and to award judgment for costs to the prevailing party. *Jordan* v. *Dennis, supra. Gray* v. *Dean, supra. Reynolds*

v. *Missouri, Kansas & Texas Railway,* 224 Mass. 253, 255. *Corbett* v. *Boston & Maine Railroad,* 219 Mass. 351, 356.

The contention of the defendants, that the entry in the docket, "Judgment for defendants," is a final judgment that cannot be collaterally attacked, is unsound. No district or police court has any right to deliberate or render any judgment other than for costs, in an action of replevin where the property sought to be replevied exceeds in value $1,000, and its every conceivable act where such property exceeds that value is an absolute nullity and cannot be the basis of a judgment. *Jordan* v. *Dennis, supra. Osgood* v. *Thurston,* 23 Pick. 110. *Ingalls* v. *Richardson,* 3 Met. 340. A void judgment is not protected from collateral attack, and works no estoppel even on a party to the proceeding in which it purports to have been rendered. A final judgment to be a valid judgment must be rendered by a court legally constituted, having jurisdiction of the cause and the person. Without jurisdiction there is no validity or vitality to the judgment.

The provision that the obligors of the bond "shall prosecute said action of replevin to final judgment" plainly contemplates a prosecution to a final judgment on the merits so as to determine a right of possession in the plaintiffs in replevin or to direct a return and restoration to the defendants. *Pierce* v. *King,* 14 R. I. 611. *Flagg* v. *Tyler,* 3 Mass. 303. *Tucker* v. *Tremont Trust Co.* 242 Mass. 25. To construe the phrase "final judgment" otherwise, would defeat the purpose served by the bond, which is to provide security to the defendants, if they prevail, for a return of the property, and to indemnify them for such damages and costs as they may be entitled to recover. *Parker* v. *Young,* 188 Mass. 600, 602.

*Exceptions overruled.*