HENRY L. SAWYER COMPANY *vs.* S. K. BOYAJIAN.

Worcester.    September 27, 1938. — June 5, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Practice, Civil,* Appellate Division: jurisdiction, appeal. *Jurisdiction,* Improper exercise of jurisdiction.

The Appellate Division of a District Court has no jurisdiction to entertain a motion to "stay, abate or discontinue proceedings" in the District Court, or, on denying it, to award double costs against the mover.

On an appeal to this court by a defendant in an action in a District Court from a "denial" by the Appellate Division of his motion to "stay, abate or discontinue proceedings," presented after this court on appeal had affirmed orders of the Appellate Division dismissing reports from the District Court and denying a petition to establish a report, and from the allowance by that court of a motion for double costs against him, the appeal from the "denial" of the first motion was dismissed and the Appellate Division was ordered to dismiss the second motion.

CONTRACT.    Writ in the Central Court of Worcester dated April 5, 1935.

In this court the case was submitted on briefs.

*S. K. Boyajian, pro se.*

*A. Brooks,* for the plaintiff.

FIELD, C.J.   This action of contract on a promissory note was brought in a district court, where there was a finding for the plaintiff.   There were several reports to the Appellate Division, all of which were dismissed.   An appeal to this court was taken on the matters involved in two of the reports, and the order dismissing the reports was affirmed.   296 Mass. 215.   Thereafter the defendant petitioned the Appellate Division to establish a report relating to a denial by the District Court of a motion by the defendant for a new trial based on newly discovered evidence.   The petition was denied.   The defendant filed an appeal in this court.   This court, assuming without deciding that such an appeal lies, affirmed the order of the Appellate Division denying the petition.   298 Mass. 415.   The defendant then made a motion — supported by his affidavit to the truth of the facts therein stated — to "stay, abate, or discontinue proceedings" in the case, assigning as ground therefor "that the same was brought (as appears on the record) and prosecuted by a corporation operating as a collection agency which has been forbidden by law and by the terms of an order of judgment from bringing or prosecuting such actions." The motion was denied by the Appellate Division.   A motion of the plaintiff "that this Appellate Division impose double costs on the defendant in this action, for the reason that his objections to rulings of the court are frivolous and intended for delay," was allowed.   The defendant filed in this court an appeal from these orders of the Appellate Division.

The motions were not within the jurisdiction of the Appellate Division.   Its jurisdiction is limited to matters which have been reported to it by the trial court, or matters incidental to such reports, among which are included passing upon petitions to establish reports and ordering a cause to proceed as though no claim for a report had been made when the party claiming such report does not duly prosecute it.   G. L. (Ter. Ed.) c. 231, § 108.   See also *Buchannan* v. *Meisner*, 279 Mass. 457, 460.   The motions do not fall within any of these categories.   Reports, as

already stated, had been dismissed and a petition to establish a report denied. Nothing relating to this cause was pending before the Appellate Division when the motions were presented. See Rule 28 of the District Courts (1932), as amended. Moreover, the statutory authority of the Appellate Division to impose double costs applies only where the Appellate Division dismisses a report of a ruling complained of and decides that the objection to the ruling was frivolous and intended for delay, or where a person claiming a report does not prosecute it duly. G. L. (Ter. Ed.) c. 231, § 108. The order imposing double costs was made by the Appellate Division not only after it had dismissed reports and denied a petition to establish a report, but even after such orders of the Appellate Division had been affirmed by this court on appeal by rescripts directed to the trial court. After these rescripts it was too late for the Appellate Division to modify any of its orders so affirmed by imposing double costs, and it did not purport to do so.

The Appellate Division should have declined to entertain the motions, or, at most, should have dismissed them. In effect, though not in terms, it dismissed the motion to "stay, abate, or discontinue proceedings." This motion had no standing in the Appellate Division and has no better standing in this court on appeal. See *Commonwealth* v. *New York Central & Hudson River Railroad*, 206 Mass. 417, 427. Since this motion was effectively disposed of by the Appellate Division it is necessary here only to dismiss the appeal, as is done where the Appellate Division has jurisdiction but an appeal to this court does not lie. See *Hammond* v. *Boston Terminal Co.* 295 Mass. 566; *Robinson* v. *Wm. Brown & Sons Co.* 301 Mass. 316, and cases cited.

The motion for double costs, from the allowance of which the defendant appealed to this court, must be dealt with somewhat differently. The Appellate Division by allowing the motion impliedly ruled that it had jurisdiction to do so. For reasons already stated it had no such jurisdiction. It has been said, however, of such a situation that the case has no "standing in court; for the court first resorted to

would have had no jurisdiction, and the appellate courts could have acquired none," but that it is the duty of the appellate court "to consider the point [of jurisdiction] and to quash the proceedings instead of considering and determining the subordinate questions sought to be raised." *Commonwealth* v. *New York Central & Hudson River Railroad*, 206 Mass. 417, 427. This practice was followed in *Morse* v. *O'Hara*, 247 Mass. 183, where this court ordered an appeal from the District Court to the Superior Court dismissed in the latter court for want of jurisdiction, and dismissed exceptions based on alleged errors at the trial of the case in the Superior Court. The situation in the present case closely resembles that in *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489. In that case there was an appeal of the assessors of the city of Boston from a decision of the board of tax appeals rendered on an appeal by the taxpayer from a decision of the assessors. This court held that — by reason of a defect in the application for abatement — the board of tax appeals had no jurisdiction of the appeal from the assessors, and said, at pages 498–499, that the taxpayer's "appeal to the board of tax appeals should have been dismissed by the board for want of jurisdiction," but that such "want of jurisdiction of the board, however, does not preclude this court from taking cognizance of this appeal from the board for the purpose of reviewing its action in taking jurisdiction of the proceeding. See *Elder* v. *Dwight Manuf. Co.* 4 Gray, 201, 204–205; *Santom* v. *Ballard*, 133 Mass. 464; *Levangie's Case*, 228 Mass. 213." The order of this court was that the "decision of the board of tax appeals is reversed and the appeal of the taxpayer to the board from the assessors is dismissed." See also *Hunt* v. *Hanover*, 8 Met. 343, 347; *Baldwin* v. *Wilbraham*, 140 Mass. 459; *Commonwealth* v. *Andler*, 247 Mass. 580, 582. Compare *Fourth National Bank of Boston* v. *Mead*, 214 Mass. 549. Since the present case was ready for final disposition before the order allowing the motion for double costs was made, and, if the allowance thereof had been proper, would have been ready for such disposition upon the allowance thereof, there is

no lack of finality in the decision on this motion which precludes consideration of the question of jurisdiction on the appeal in conformity with the principle above stated. G. L. (Ter. Ed.) c. 231, § 109. *Buchannan* v. *Meisner,* 279 Mass. 457, 458–459. See *Real Property Co. Inc.* v. *Pitt,* 230 Mass. 526, 528. Accordingly the order allowing the plaintiff's motion for double costs is reversed and the motion is to be dismissed. But the defendant's appeal from the order denying the motion to "stay, abate, or discontinue proceedings" is dismissed.

*So ordered.*