JOHN J. DONNELLY *vs.* RICHARD B. MONTAGUE.

Middlesex.    November 8, 1939. — January 4, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Supplementary Proceeding. Practice, Civil,* Appellate Division: Appeal; Costs.

The Appellate Division of a District Court has no jurisdiction of a report of a ruling in a supplementary proceeding under G. L. (Ter. Ed.) c. 224, §§ 14–17.

Upon an appeal to this court from a proper dismissal by the Appellate Division of a District Court, for want of jurisdiction, of a report of a ruling in a supplementary proceeding under G. L. (Ter. Ed.) c. 224, §§ 14–17, a rescript was issued dismissing the appeal with costs to the appellee.

SUPPLEMENTARY PROCEEDING in the Third District Court of Eastern Middlesex.

*J. H. Ramsey,* for the creditor.

*A. deJ. Cardozo,* for the debtor.

LUMMUS, J.   This is a supplementary proceeding after a judgment for the plaintiff in a civil action upon a promissory note made by the defendant.   It is brought under G. L. (Ter. Ed.) c. 224, §§ 14–17, which were introduced into our law by St. 1927, c. 334.   While this proceeding for the examination of the judgment debtor as to his property and ability to pay the judgment was pending in the District Court, he filed a voluntary petition in bankruptcy and obtained a discharge.   He then moved that this proceeding be dismissed, because the judgment upon which it was founded had been discharged in bankruptcy.   The judgment creditor contended that the judgment was of a kind that was not so discharged.   The judge ruled that a dismissal of this pro-

ceeding was required as matter of law. The Appellate Division dismissed a report to it on the ground that it had no jurisdiction. The judgment creditor claimed an appeal to this court under G. L. (Ter. Ed.) c. 231, § 109.

Under the appeal system formerly existing in district courts, "a party aggrieved by the judgment of a district court in a civil action" might appeal therefrom to the Superior Court and there obtain a complete new trial upon the facts as well as the law. R. L. (1902) c. 173, § 97. G. L. (1921) c. 231, § 97. The appeal was from the final judgment, upon which, unless vacated by appeal, execution would issue. *Bowler* v. *Palmer*, 2 Gray, 553. See *Morse* v. *O'Hara*, 247 Mass. 183, 186, 187; *Renado* v. *Lummus*, 205 Mass. 155, 156. This kind of appeal never fell into the uncertainty and confusion that attended appeals to this court from the Superior Court. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53. Petitions to vacate judgment and petitions for and writs of review could be carried to the Superior Court by appeal from the judgments in such proceedings, which were separate from the earlier actions the judgments in which were to be vacated or reviewed. *Yetten* v. *Conroy*, 165 Mass. 238. *Clarke* v. *Bacall*, 171 Mass. 292. *Lynn Gas & Electric Co.* v. *Creditors National Clearing House*, 235 Mass. 114. See also *Lynch* v. *Springfield Safe Deposit & Trust Co.* 300 Mass. 14, 16. The same was true of a petition for a writ of scire facias to obtain a new execution upon a judgment against the principal defendant. *Perkins* v. *Bangs*, 206 Mass. 408, 415, 416. Compare *Universal Optical Corp.* v. *Globe Optical Co.* 228 Mass. 84.

On the other hand, supplementary proceedings after judgment, like the earlier poor debtor proceedings and equitable process after judgment (G. L. [1921] cc. 224, 225), end in no definite "judgment" in the sense in which that word is used in the statute relative to appeals to the Superior Court, and never were appealable to that court. *Fletcher* v. *Bartlett*, 10 Gray, 491. *Russell* v. *Goodrich*, 8 Allen, 150. *Brown's Case*, 173 Mass. 498. *Giarruso* v. *Payson*, 272 Mass. 417, 420, 421. G. L. (Ter. Ed.) c. 224, § 18. See also *Renado* v. *Lummus*, 205 Mass. 155, 158. The only exception is, that

a judgment upon charges of fraud or misconduct was and still is appealable under a special statutory provision. G. L. (1921) c. 224, § 41. G. L. (Ter. Ed.) c. 224, § 19. *Morse* v. *O'Hara,* 247 Mass. 183.

The earlier appeal system was substantially abolished in the Municipal Court of the City of Boston by St. 1912, c. 649 and in other district courts by St. 1922, c. 532. But the abolition was not quite complete. Summary process for the possession of land was expressly excepted from the new practice created by those statutes. R. L. (1902) c. 181, §§ 2, 8. St. 1912, c. 649, §§ 2, 3, 7. St. 1918, c. 257, § 409. G. L. (1921) c. 239, § 2; c. 231, §§ 103, 104. St. 1921, c. 486, § 36. G. L. (Ter. Ed.) c. 231, § 103. The essence of the new practice was that a plaintiff who elects to begin in a district court an action or other proceeding which he might have begun in the Superior Court, and any other party who suffers such an action or proceeding to remain in a district court without exercising his right to remove it before trial to the Superior Court as provided in G. L. (Ter. Ed.) c. 231, § 104, waives the right of trial by jury and has no right to appeal to the Superior Court from the judgment of the District Court. Since a petition to vacate judgment, or a petition for or writ of review, with respect to a judgment of a district court, cannot be brought in the Superior Court, the plaintiff has no election. Such a case, therefore, is not within the new practice, but remains subject to the old appeal system. G. L. (Ter. Ed.) c. 231, § 97. *Lynn Gas & Electric Co.* v. *Creditors National Clearing House,* 235 Mass. 114; *S. C.* 237 Mass. 505. *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272, 275. *Home Finance Trust* v. *Rantoul Garage Co.* 300 Mass. 86, 87–88. *Beserosky* v. *Mason,* 269 Mass. 325, 327. Likewise, supplementary proceedings like the present, though there is no right of appeal, are not within the new practice because there can be no election to begin them in the Superior Court.

The Appellate Division which by the new practice is made a part of each district court (*Buchannan* v. *Meisner,* 279 Mass. 457, 460) is a tribunal resort to which is a substitute for the old system of appeals to the Superior Court. G. L.

(Ter. Ed.) c. 231, § 108, provides that a party "aggrieved by any ruling on a matter of law by a single justice, may, as of right, have the ruling reported for determination by the appellate division when the cause is otherwise ripe for judgment, or sooner by consent of the justice hearing the same." In *Lynn Gas & Electric Co.* v. *Creditors National Clearing House*, 235 Mass. 114, 115, 116, it was said, "While the words of . . . [the statute], authorizing report to the Appellate Division, standing alone, are broad enough to cover every ruling of law made by a judge, they must be read in connection with . . . [G. L. (Ter. Ed.) c. 231, §§ 103, 104]. So read in that context they are confined to such actions as the plaintiff might have elected to bring in the Superior Court but did choose to bring in the" District Court. See also *Home Finance Trust* v. *Rantoul Garage Co.* 300 Mass. 86, 87. A ruling of law in a supplementary proceeding such as this could not be carried to an appellate division, even if there were an election to begin such a proceeding in the Superior Court, for the report to such a division must be made before judgment, "when the cause is otherwise ripe for judgment," whereas the entire supplementary proceeding is after judgment. In *Kelly* v. *Foley*, 284 Mass. 503, 506, it was said, "The jurisdiction of the Appellate Division is, therefore, confined to questions of law raised before the case is ripe for judgment and does not extend to matters raised after the entry of a valid judgment." The Appellate Division was right in ruling that it had no jurisdiction and in dismissing the report.

We need not consider in this case what remedy may exist for the correction of erroneous rulings in supplementary proceedings. See *Giarruso* v. *Payson*, 272 Mass. 417, 421. Where the error consists in permitting such proceedings upon a judgment from which the judgment debtor has been discharged in bankruptcy, a bill in equity for an injunction will lie, if brought before an adjudication in the supplementary proceedings. *Badger* v. *Jordan Marsh Co.* 256 Mass. 153. *Goldman* v. *Adlman*, 291 Mass. 492. It was said in *Allard* v. *Estes*, 292 Mass. 187, 196, that an ample remedy exists for error in supplementary proceed-

ings; "whether under G. L. (Ter. Ed.) c. 231, §§ 108, 109 [by report to an appellate division], or by writ of error, *Home Investment Co.* v. *Iovieno,* 246 Mass. 346, need not be considered." But the latter remedy had already been foreclosed by *Giarruso* v. *Payson,* 272 Mass. 417, and the former remedy had already been denied in principle by *Kelly* v. *Foley,* 284 Mass. 503, 506, and is now denied by this opinion.

The remaining question concerns the form of our rescript. The case comes here under G. L. (Ter. Ed.) c. 231, § 109, which provides that "An appeal to the supreme judicial court shall lie from the final decision of the appellate division of any district court." *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123. In *Feeley's Case,* 12 Cush. 598, 599, Shaw, C.J. said, "It is the very nature and character of appellate jurisdiction, to revise the doings of another court, and to do that which the court below might have done and ought to have done." But it was held in that case that an appellate court cannot exercise any jurisdiction not possessed by the court below. *Hall* v. *Hall,* 200 Mass. 194. *Commonwealth* v. *Gately,* 203 Mass. 598, 601. *Commonwealth* v. *New York Central & Hudson River Railroad,* 206 Mass. 417, 427. *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. 489, 495. *Henry L. Sawyer Co.* v. *Boyajian,* 303 Mass. 311, 313–314. The appeal from the Appellate Division in this case does not give this court jurisdiction to decide the merits of a case not within the jurisdiction of the Appellate Division. In *Gray* v. *Dean,* 136 Mass. 128, 129, it was said: "It is necessary that every court should so far entertain a case as to determine whether it has jurisdiction. To this extent it must adjudicate." In *Hunt* v. *Hanover,* 8 Met. 343, 347, it was pointed out that the decision of a question of jurisdiction may be carried to this court like other questions. See also *Nelson* v. *Leland,* 22 How. 48, 49. If an appellate court could not correct an exercise of a pretended but nonexistent jurisdiction on the part of a court below, but must dismiss the appeal or exceptions, the result would be to leave in apparent force an erroneous and invalid adjudication of the merits.

The judgment or decree of a court that lacked jurisdiction will be reversed by an appellate court whenever the case is brought before it by any means possible in the particular case, whether appeal, exceptions, report, writ of error or bill of review. *Cary* v. *Daniels,* 5 Met. 236. *Jordan* v. *Dennis,* 7 Met. 590. *Elder* v. *Dwight Manuf. Co.* 4 Gray, 201, 204, 205. *Gray* v. *Thrasher,* 104 Mass. 373. *Dion* v. *Powers,* 128 Mass. 192. *Gray* v. *Dean,* 136 Mass. 128. *Sterling's Case,* 233 Mass. 485. *Morse* v. *O'Hara,* 247 Mass. 183, 185. *Holt* v. *Holt,* 253 Mass. 411. *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. 489, 498. *Henry L. Sawyer Co.* v. *Boyajian,* 303 Mass. 311, 314. *Assessors* v. *Osbornes,* 9 Wall. 567, 575. *Alexander* v. *Crollott,* 199 U. S. 580. *Piedmont & Northern Railway* v. *United States,* 280 U. S. 469, 478. *Gully* v. *Interstate Natural Gas Co.* 292 U. S. 16. *United States* v. *Corrick,* 298 U. S. 435, 440. The course adopted in *Fourth National Bank of Boston* v. *Mead,* 214 Mass. 549, of dismissing the appeal without reversing the erroneous decree, is not approved.

Where the court below, on the contrary, has rightly ordered the proceeding before it dismissed for want of jurisdiction, it is hard to see why this court may not affirm the decree, instead of dismissing the appeal. Decrees have been so affirmed. *Custy* v. *Lowell,* 117 Mass. 78. *Lawless* v. *Reagan,* 128 Mass. 592. *Santom* v. *Ballard,* 133 Mass. 464. *Leyland* v. *Leyland,* 186 Mass. 420. *Giles* v. *Kenney,* 221 Mass. 262. *Universal Optical Corp.* v. *Globe Optical Co.* 228 Mass. 84. *Monroe* v. *Cooper,* 235 Mass. 33. *Old Colony Trust Co.* v. *Pepper,* 262 Mass. 270, 273. Likewise exceptions in such cases have been overruled. *King* v. *Dewey,* 11 Cush. 218. *Commonwealth* v. *Soderquest,* 183 Mass. 199.

But the more usual course, where the court below has rightly ordered the proceeding before it dismissed for want of jurisdiction, has been to dismiss the appeal, leaving the correct order below to stand. Such a course produces a right result, and avoids any possible occasion for entering a new decree. That course will be adopted in the present case, as it was in *Henry L. Sawyer Co.* v. *Boyajian,* 303 Mass. 311, 313, and *Lord* v. *Cummings,* 303 Mass. 457,

459. It does not prevent the entry of a supplemental judgment or decree for costs. *Carilli* v. *Hersey*, 303 Mass. 82, 86. The present appeal, if not the original supplementary proceeding, is a civil proceeding in which costs are discretionary under G. L. (Ter. Ed.) c. 261, § 13, and in which, if it be material, the debtor is the prevailing party. *Barnes* v. *Smith*, 104 Mass. 363, 366. It seems to us fair that the debtor, having been compelled to defend against an unauthorized appellate proceeding, should have costs. In Massachusetts costs are commonly given in such cases, though the court has no jurisdiction of the merits. *Elder* v. *Dwight Manuf. Co.* 4 Gray, 201, 205. *Williams* v. *Taunton*, 126 Mass. 287, 289. *Gray* v. *Dean*, 136 Mass. 128, 129. *Reynolds* v. *Missouri, Kansas & Texas Railway*, 224 Mass. 253, 255. *Morse* v. *O'Hara*, 247 Mass. 183, 187. *Carroll* v. *Berger*, 255 Mass. 132, 134.

*Appeal dismissed with costs.*