HATHAWAY BAKERIES, INC. *vs.* LABOR RELATIONS COMMISSION.

Suffolk. February 7, 8, 1944. — April 29, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Labor and Labor Union. Prohibition, Writ of. Jurisdiction,* Over the person, Labor. *Interstate Commerce.*

A writ of prohibition is the appropriate remedy to restrain the State labor relations commission from acting outside its jurisdiction in entertaining a petition filed by a labor union seeking an investigation and certification pursuant to G. L. (Ter. Ed.) c. 150A, § 5 (c), inserted by St. 1938, c. 345, § 2.

The proprietor of an industrial establishment who, upon the filing with the State labor relations commission of a petition by a labor union for an investigation and certification pursuant to G. L. (Ter. Ed.) c. 150A, § 5 (c), inserted by St. 1938, c. 345, § 2, filed a motion to dismiss the petition for the sole purpose of challenging the jurisdiction of the commission and, after the motion was denied, continued to insist on such contention, did not thereby submit to the jurisdiction of the commission and was not precluded from maintaining a petition for a writ of prohibition against it.

The proprietor of an industrial establishment, without waiting until after action of the State labor relations commission under § 6 of G. L. (Ter. Ed.) c. 150A, inserted by St. 1938, c. 345, § 2, in an alleged

labor dispute, may seek a writ of prohibition to restrain the commission from acting outside its jurisdiction in entertaining a petition filed by a labor union for an investigation and certification pursuant to § 5 (c).

The State labor relations commission has no jurisdiction to entertain a petition filed by a labor union for an investigation and certification under G. L. (Ter. Ed.) c. 150A, § 5 (c), inserted by St. 1938, c. 345, § 2, in a case in which the commission, after such a certification, would have no power by reason of § 10 (b) to enforce further orders respecting unfair labor practices.

The proprietor of an industrial establishment, who secured two thirds of its materials for manufacture from outside the Commonwealth and distributed and sold substantial quantities of its manufactured products in other States, was engaged in interstate commerce, which would be affected by a cessation of work by district managers engaged in a supervisory capacity although none of them worked outside the Commonwealth or supervised the work of other employees working outside the Commonwealth; and the State labor relations commission had no jurisdiction to entertain a petition by a labor union seeking an investigation and certification pursuant to G. L. (Ter. Ed.) c. 150A, § 5 (c), inserted by St. 1938, c. 345, § 2, that it was the collective bargaining representative for such district managers.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on November 15, 1943, for a writ of prohibition.

The case was reserved and reported by *Donahue*, J.

*C. B. Rugg*, (*J. J. Phelan, Jr.*, with him,) for the petitioner.

*L. E. Crowley*, (*H. J. Allen* with him,) for the respondent.

*G. Holland*, by leave of court, was permitted to argue and to submit a brief as amicus curiae.

RONAN, J. This is a petition for a writ of prohibition against the respondents, who are all the members of the labor relations commission, to prevent them from hearing and determining a petition filed by a labor union seeking an investigation and certification by the commission, pursuant to G. L. (Ter. Ed.) c. 150A, § 5 (c), inserted by St. 1938, c. 345, § 2, that the union is the collective bargaining agency of a group of the petitioner's employees who are known as district managers and are engaged in a supervisory capacity. The case was reserved and reported to this court by a single justice, without decision, upon the pleadings and a statement of agreed facts.

The petitioner, hereinafter called the company, is a cor-

poration having its principal place of business in Cambridge, in this Commonwealth, and is engaged in the manufacture, distribution and sale of bread and pastry. It operates establishments in seven States. The company maintains a manufacturing plant at Cambridge and another at Waltham. It conducts two stations, one at Salem and the other at Allston, where goods manufactured at the Cambridge and Waltham plants are distributed and sold.

The company for a long time has had a closed shop agreement with the union which covers all the driver-salesmen working out of the plants and stations mentioned, and also the transport drivers who transfer goods to and from these plants and stations. None of these driver-salesmen delivers or sells goods outside the Commonwealth, but the transport drivers regularly convey goods beyond the boundaries of this State. Other local unions, belonging to the same national body as does the union in question, have closed shop agreements with the company covering driver-salesmen operating from other establishments of the company located in other parts of the Commonwealth.

All the sales supervisors or district managers of the company connected with the Waltham, Salem and Allston establishments of the company, which are the only establishments mentioned in the petition for certification, became members of the union on May 1, 1943. The company refused to enter into any contract with the union with reference to them. The union filed a petition with the commission for certification of the union as the bargaining agent of these employees. At the hearing upon this petition the company filed a motion to dismiss on the ground that the commission had no jurisdiction to hear and decide the petition because the controversy affects the interstate commerce of the company and therefore is within the exclusive jurisdiction of the national labor relations board.

Besides the facts already mentioned, it also appeared from the agreed facts that a little over two thirds of the materials used by the company in its Cambridge and Waltham plants is purchased outside the Commonwealth and is shipped here. One tenth of the production of the Cambridge plant and

thirty-six per cent of the production of the Waltham plant are sold outside the Commonwealth. The purchase of flour for all of the company's bakeries, including those located in other States, is effected at the company's central offices in Cambridge. None of the district managers at the three establishments mentioned in the union's petition works outside the State or supervises the work of any driver-salesmen having routes outside the State. The commission denied the motion to dismiss and continued the hearing to await the result of this petition for prohibition.

A writ of prohibition lies to restrain a court or quasi judicial body from acting outside its jurisdiction against one who has not submitted thereto and where there is no other adequate remedy. The writ does not lie to correct errors committed by a tribunal having jurisdiction over a subject matter and the parties, but its function is to prevent the court from proceeding to a decision when the court has no power to make any decision at all. If the tribunal possesses jurisdiction, then the writ cannot be invoked by one who has been harmed by a decision, whether that decision was right or wrong. The commission in performing the duties of the character and nature imposed upon it by law was acting in a quasi judicial capacity, *Prusik* v. *Board of Appeal of Boston*, 262 Mass. 451; *Jaffarian* v. *Murphy*, 280 Mass. 402; *Dube* v. *Mayor of Fall River*, 308 Mass. 12; *Anderson* v. *Labor Relations Commission*, 310 Mass. 590; *Boott Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223; *National Labor Relations Board* v. *J. S. Popper, Inc.* 113 Fed. (2d) 602, 603; *Thompson Products, Inc.* v. *National Labor Relations Board*, 133 Fed. (2d) 637, 639, and a writ of prohibition is the appropriate remedy if the commission contemplates taking such action as would amount to a clear transgression of its jurisdiction. *Tehan* v. *Justices of the Municipal Court of Boston*, 191 Mass. 92. *Ashley* v. *Three Justices of the Superior Court*, 228 Mass. 63. *Kevorkian* v. *Superior Court*, 295 Mass. 355.

The company cannot be held to have submitted to the jurisdiction by filing a motion to dismiss for the sole purpose of challenging the jurisdiction of the commission. The

point was raised at the outset of the hearing and thereafter was always insisted upon by the company. It was apparently the only matter heard by the commission, which continued the hearing upon the union's petition after it denied the company's motion. It was the duty of the commission in the first instance to decide whether it possessed the power to entertain the union's petition for certification and, if it found it lacked the power, to dismiss the petition. *Gray* v. *Dean*, 136 Mass. 128, 129. *Corbett* v. *Boston & Maine Railroad*, 219 Mass. 351, 356. *Carroll* v. *Berger*, 255 Mass. 132, 134. *Henry L. Sawyer Co.* v. *Boyajian*, 303 Mass. 311, 313. *Donnelly* v. *Montague*, 305 Mass. 14, 18. *Newport News Shipbuilding & Dry Dock Co.* v. *Schauffler*, 303 U. S. 54, 57. *Thompson Products, Inc.* v. *National Labor Relations Board*, 133 Fed. (2d) 637, 640.

It is hardly possible that the commission would find that the union did not represent a majority of the district managers and so would dismiss the petition, since all of those employees of the company had become members of the union and were evidently such at the time the commission began hearings on the petition. It is contended, however, that the company could not be harmed by any decision that the commission might make upon the petition for certification and that it was only when the company had been found guilty of having committed an unfair labor practice under § 6 and ordered by the commission to take certain action that it could for the first time obtain a judicial review of the entire proceedings, including not only the validity of the order with reference to the unfair labor practice but also the correctness of the order made upon the petition for certification. *Jordan Marsh Co.* v. *Labor Relations Commission*, 312 Mass. 597. *Pittsburgh Plate Glass Co.* v. *National Labor Relations Board*, 313 U. S. 146.

The principal contention of the petitioner in the *Jordan Marsh Co.* case was that there was an abuse of discretion by the commission in refusing to grant a continuance of the hearing. No question of jurisdiction was raised. Moreover, that opinion does not lay down as an invariable rule that in no instance can a judicial review of certification pro-

ceedings be obtained before the commission has made a final order under § 6, for the opinion, at page 602, states that "It is not necessary now to determine that no case could ever exist where the effect of a mere certification might be so immediately and completely disastrous to the legally protected interests of the employer that the Legislature must be presumed to have intended to leave open some avenue of escape other than the review provided for in the statute." The question here is not whether the commission had conducted certification proceedings in a manner not warranted by law but whether the commission had any power at all to act, and, if found to be lacking in power, whether the contemplated action of the commission to complete the hearings and adjudicate the petition for certification may be prohibited before any final order is made under § 6.

The commission is a statutory board having only the powers, duties and obligations expressly conferred upon it by the statute that created it or such as are reasonably necessary for the proper functioning of the board in carrying out and accomplishing the purpose for which it was established. *Vose* v. *Deane,* 7 Mass. 280. *Adams* v. *County of Essex,* 205 Mass. 189. *Safford* v. *Lowell,* 255 Mass. 220. *Eastern Massachusetts Street Railway* v. *Mayor of Fall River,* 308 Mass. 232. *Federal Trade Commission* v. *Raladam Co.* 283 U. S. 643. *Hotel Casey Co.* v. *Ross,* 343 Penn. St. 573.

The State labor relations law provides in § 10 (b) that "This chapter shall not be deemed applicable to any unfair labor practice subject to the National Labor Relations Act." It appears from the agreed facts that the practice of the commission has been to construe this subsection as not preventing it from exercising jurisdiction to investigate questions relative to representation, to designate those found to be bargaining representatives of the employees, and to issue a certificate stating that it has determined that the persons named therein are the exclusive representatives of the employees for the purposes of collective bargaining with respect to rates of pay, hours of work and other conditions of employment. If the commission lacks power to

issue an order against the company arising out of an unfair labor practice alleged to have been committed by it, then we do not think that in these circumstances the company was bound to wait for any order that the commission might subsequently make upon proceedings in reference to any unfair labor practice by the company if the alleged practice affected interstate commerce. It was said in *Connecticut River Railroad* v. *County Commissioners of Franklin*, 127 Mass. 50, 59: "But the fact that the remedy by petition for writ of certiorari will be open to the landowner after final judgment affords no reason why the court should now refuse a writ of prohibition, and thereby put the petitioner to the trouble, expense and delay of a trial before a tribunal which has no jurisdiction of the case, and to whose jurisdiction the petitioner has objected at the outset of the proceedings." To the same effect see *Ex parte Simons*, 247 U. S. 231, 237; *Hall* v. *Superior Court*, 198 Cal. 373; *Curtis* v. *Cornish*, 109 Maine, 384.

We see nothing in the contention that § 10 (b) only makes the State labor relations law inapplicable to an unfair labor practice subject to the national labor relations act and does not prevent the commission from determining a petition for certification. Certification is a preliminary step in a legislative plan designed to avert labor controversies. If the commission is powerless to issue such an order relative to an unfair labor practice subject to the national act, it would seem to follow that proceedings for certification in cases subject to that act would be equally beyond the power of the commission. It could hardly be thought that the Legislature intended that the commission should have the power to certify where the certification alone without subsequent coercive action by the commission would be ineffectual to accomplish the purpose of the State labor relations law. A certification in such circumstances may be of some practical value, as urged by the commission, between parties who voluntarily recognize the order, but such an advantage will not support an order if shown to have been beyond the power of the commission when its validity is challenged by one whose rights have been thereby impaired. Legal rights

can be regulated only in accordance with the law. *Commonwealth* v. *Coughlin*, 182 Mass. 558. *Commonwealth* v. *Boston Advertising Co.* 188 Mass. 348. *American Employers' Ins. Co.* v. *Commissioner of Insurance*, 298 Mass. 161. *Boott Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223. The commission has no authority to act with reference to an unfair labor practice subject to the national act, and it cannot be supposed that the Legislature intended that the commission should have the power to certify the bargaining representatives of employees for the enforcement of the rights given to them under the Federal act when the commission cannot enforce those rights. As to such employees certification by the commission would seem to be an idle ceremony, incapable of establishing their rights. It can hardly be assumed that the Legislature intended to confer the power of certification upon a board in those instances where the board is expressly prohibited from making any orders which can be enforced against the employer. *Flood* v. *Hodges*, 231 Mass. 252, 257. *Central Trust Co.* v. *Howard*, 275 Mass. 153, 157. *Cullen* v. *Mayor of Newton*, 308 Mass. 578, 583. *Burnham* v. *Mayor & Aldermen of Beverly*, 309 Mass. 388, 393.

Counsel for the commission conceded at the argument that in cases like the present the commission goes no farther than the ascertainment of a bargaining agency and the certification of such agency. If the commission intends to take no steps after the petition for certification has been decided, then the company could not be said to have any remedy for a review upon the issuance of a final order by the commission, for no such order would ever be made.

The national labor relations act provides, U. S. C. (1940 ed.) Title 29, § 160 (a), that the national labor relations board is empowered "to prevent any person from engaging in any unfair labor practice (listed in section 158) affecting commerce. This power shall be exclusive, and shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise." We need not inquire whether Congress has so fully and completely covered the field of labor contro-

versies that affect interstate commerce that the power of the States with respect to such controversies has been superseded or whether Congress has not manifested an intention to exclude the States from exercising their police powers with reference to this subject matter provided the regulations made by the States are consistent with the Federal legislation, *South Carolina State Highway Department* v. *Barnwell Brothers, Inc.* 303 U. S. 177; *Kelly* v. *Washington,* 302 U. S. 1, for our own act, § 10 (b), expressly prohibits the commission from dealing with any unfair labor practice subject to the national act. That must mean any unfair labor practice that affects interstate commerce. There is, therefore, a line of demarcation established between the field covered by the act of Congress and that covered by our own statute. The commission had no authority to go beyond that line, whether the national board took any action or not, if the subject matter was in fact one affecting interstate commerce. The construction of the national labor relations act, U. S. C. (1940 ed.) Title 29, § 151, et seq., by the Supreme Court of the United States is binding upon us. Under those decisions we think that it must be held that a company which secures over two thirds of its materials from outside the Commonwealth and distributes and sells substantial quantities of its products in other States is engaged in interstate commerce, and that a cessation of work by those of its employees who were not immediately and directly engaged in the receipt or shipment of its goods from or to other States but who were engaged in the carrying out of the regular course of the company's business would nevertheless affect or tend to affect interstate commerce. *National Labor Relations Board* v. *Jones & Laughlin Steel Corp.* 301 U. S. 1. *Santa Cruz Fruit Packing Co.* v. *National Labor Relations Board,* 303 U. S. 453. *Consolidated Edison Co.* v. *National Labor Relations Board,* 305 U. S. 197. *National Labor Relations Board* v. *Fainblatt,* 306 U. S. 601. *National Labor Relations Board* v. *Bradford Dyeing Association,* 310 U. S. 318.[1]

---

[1] See *United States* v. *Wrightwood Dairy Co.* 315 U. S. 110; *A. B. Kirschbaum Co.* v. *Walling,* 316 U. S. 517; *Wickard* v. *Filburn,* 317 U. S. 111; *National Labor Relations Board* v. *Henry Levaur, Inc.* 115 Fed. (2d) 105, certiorari denied sub nomine *Henry Levaur, Inc.* v. *National Labor Relations Board,*

The commission relies upon *Davega-City Radio, Inc.* v. *State Labor Relations Board,* 281 N. Y. 13, *Wisconsin Labor Relations Board* v. *Fred Rueping Leather Co.* 228 Wis. 473, and *Allen-Bradley Local No. 1111* v. *Wisconsin Employment Relations Board,* 237 Wis. 164, affirmed 315 U. S. 740. See also *Christoffel* v. *Wisconsin Employment Relations Board,* 243 Wis. 332. It is to be noted that the statutes of New York and Wisconsin do not contain any provision like § 10 (b) of our State labor relations act excluding from the jurisdiction of the State board any unfair labor practice subject to the national act, and consequently the question whether the national act left room for the operation of the State statutes dealing with labor controversies that affect interstate commerce which was presented for decision in those cases does not arise in the instant case. It is also to be observed that the *Allen-Bradley* case dealt with an unfair labor practice by the employees, a matter not covered by the national act. The conclusion here reached inevitably follows from the limitation that the Legislature imposed by § 10 (b) on the jurisdiction of the State commission. Our statute is somewhat similar to the Pennsylvania statute, Penn. Pub. Laws (1937) 1170, providing that jurisdiction of the labor board of that State shall not be exercised over any person subject to the national labor relations act. It was held that this statute did not authorize the board to take jurisdiction over the local drivers of a milk company which received a part of its supply outside the State and sold milk in other States. *Abbotts Dairies, Inc. Case,* 341 Penn. St. 145.

The narrow question presented by this case concerns the power of the State commission to certify a bargaining repre-

---

312 U. S. 682; *National Labor Relations Board* v. *Gulf Public Service Co.* 116 Fed. (2d) 852; *National Labor Relations Board* v. *Alloy Cast Steel Co.* 117 Fed. (2d) 302; *National Labor Relations Board* v. *Prettyman,* 117 Fed. (2d) 786; *Pueblo Gas & Fuel Co.* v. *National Labor Relations Board,* 118 Fed. (2d) 304; *National Labor Relations Board* v. *West Texas Utilities Co.* 119 Fed. (2d) 683; *National Labor Relations Board* v. *Schmidt Baking Co. Inc.* 122 Fed. (2d) 162; *National Labor Relations Board* v. *Tex-O-Kan Flour Mills Co.* 122 Fed. (2d) 433; *National Labor Relations Board* v. *Niles Fire Brick Co.* 124 Fed. (2d) 366; *Wilson & Co. Inc.* v. *National Labor Relations Board,* 124 Fed. (2d) 845; *National Labor Relations Board* v. *Robert S. Green, Inc.* 125 Fed. (2d) 485; *National Labor Relations Board* v. *Cleveland-Cliffs Iron Co.* 133 Fed. (2d) 295; *National Labor Relations Board* v. *J. L. Hudson Co.* 135 Fed. (2d) 380.

sentative for employees of a company doing an interstate business where these particular employees are not engaged directly in receiving or shipping goods in interstate commerce. Nothing here said is to be construed as limiting in any way the authority and duty of the State to preserve peace and good order and to protect the property and lives of its citizens whether or not the danger arises out of an industrial struggle involving interstate commerce. *Simon* v. *Schwachman,* 301 Mass. 573, 577. *Quinton's Market, Inc.* v. *Patterson,* 303 Mass. 315, 319, 320. *Fashioncraft, Inc.* v. *Halpern,* 313 Mass. 385, 391.

One of the parties has argued that recent decisions of the national labor relations board indicate that the board has come to the conclusion that the certification of a bargaining agency for supervisory employees is contrary to the public policy of the United States as exemplified by the act of Congress, while the other party has cited decisions of the board from which we are asked to find that supervisory employees come within the act. It is not necessary in the absence of any decision by the Supreme Court of the United States to determine this question. A decision on that point is not required here. The public policy of both the act of Congress and our statutes has been held to be the same. *R. H. White Co.* v. *Murphy,* 310 Mass. 510. *Hamer* v. *Nashawena Mills, Inc.* 315 Mass. 160. If the selection of a bargaining agency for such employees engaged in interstate commerce within the meaning of the cases already cited is contrary to the national act, then a State statute providing for the designation of such an agency would be in conflict with the national act and would be void. *Cloverleaf Butter Co.* v. *Patterson,* 315 U. S. 148, 156. On the other hand, if the certification of a bargaining agency for such employees and the protecting of their interests by preventing unfair labor practices are within the sweep of the national act, then the commission is precluded by § 10 (b) from exercising any authority with reference to the certification of a bargaining agency or the prevention of an unfair labor practice of their employer.                                    *Writ to issue.*