MARTIN EDWARD, INC. & others vs. APPELLATE DIVISION
FOR THE NORTHERN DISTRICT.

Middlesex.    March 5, 1957. — May 8, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, &
WHITTEMORE, JJ.

Certiorari.    Practice, Civil, Appellate Division: establishment of report,
appeal.

Certiorari did not lie to attack the establishment of a report by the
Appellate Division of a District Court on the ground of want of juris-
diction: the petitioner had a remedy by appeal to this court from
the establishment.

No right was shown "to have the testimony" before the Appellate Divi-
sion of a District Court on a petition to establish a report "recorded."

PETITION for a writ of certiorari filed in the Superior
Court on June 28, 1956, and afterwards amended.

A demurrer to the amended petition was sustained by
Swift, J.

Angus M. MacNeil, for the petitioner.

Edward F. Mahony, Assistant Attorney General, for the
respondent.

WHITTEMORE, J.    There was no error in sustaining the
demurrer to this petition for a writ of certiorari.    No meri-
torious point is presented by the petitioners' appeal from
the order.    The petition as originally filed averred that the
respondents erred in establishing a report on a petition to
establish, in that they did not conform to evidence before
them (see Rule 30 of the District Courts [1952]) and in re-
fusing leave "to have the testimony . . . [before them] re-
corded."    The prayer was that the Superior Court 'cause
"the records and proceedings to be made conformable to
the facts and law."    An amendment to the petition averred
facts alleged to be sufficient to show that the case had gone
to judgment as a matter of law "before the Appellate Divi-

sion entered its orders establishing the report," averred the Appellate Division's lack of jurisdiction to do more than determine its lack of jurisdiction to consider the report on its merits (see *Donnelly* v. *Montague,* 305 Mass. 14, 17–18), and prayed that the Superior Court determine that the Appellate Division had only such limited jurisdiction.

The demurrer by averring a "plain and adequate remedy at law" adequately raised the controlling point that, so far as the action complained of was reviewable, other remedy barred this extraordinary writ. G. L. (Ter. Ed.) c. 231, § 109. "The truth or falsity of facts set forth in a petition to establish a report is to be determined finally by the Appellate Division, although doubtful questions of law fairly raised at the hearing on the petition may be brought to this court on appeal from the final decision of the Appellate Division." *Haines Corp.* v. *Winthrop Square Cafe, Inc.* 335 Mass. 152, 154, and cases cited. This is not a case like *Scannell* v. *State Ballot Law Commission,* 324 Mass. 494, 498, where the extraordinary writ is the only means available for correcting errors of law in the decision of an administrative board which by statute is "final." In *Donnelly* v. *Montague,* 305 Mass. 14, on appeal from the decision of the Appellate Division under § 109 we determined the point there raised, that the Appellate Division was without jurisdiction. The amended petition does not show that anything in respect of the question of the cases going to judgment was before the Appellate Division. Therefore, even were the issue open, there would be no basis for concluding that the judges acted erroneously in this respect on the record before them.

The petitioners do not show a legal right to have evidence recorded in the Appellate Division.

*Order sustaining demurrer affirmed.*