### JASPER H. YETTEN *vs.* THOMAS CONROY.

Suffolk.    November 25, 1895. — February 25, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Municipal Court of Boston — Petition to vacate Judgment — Appeal — Practice.*

Under St. 1893, c. 396, § 24, a petitioner to the Municipal Court of Boston to have a judgment vacated under Sts. 1893, c. 396, § 33, and 1894, c. 431, has a right of appeal from the judgment dismissing the petition.

PETITION, filed in the Municipal Court of Boston, to have a judgment vacated under Sts. 1893, c. 396, § 33, and 1894,

c. 431. The court found for the respondent, and the petitioner appealed to the Superior Court. At the hearing in that court the appeal was dismissed on the motion of the respondent; and the petitioner appealed to this court.

The case was submitted on briefs to all the judges.

*H. N. Allin & G. L. Mayberry,* for the petitioner.

*M. J. Creed & J. P. Crosby,* for the respondent.

KNOWLTON, J. This is a petition filed in the Municipal Court of Boston to have a judgment vacated under Sts. 1893, c. 396, § 33, and 1894, c. 431. The question is whether, in such a case, the parties have a right of appeal from the decision of the justice of the Municipal Court. Section 24 of the first mentioned statute, which is applicable also to the Municipal Court of Boston, is as follows : " A party aggrieved by the judgment of a district or police court in a civil action, may, within twenty-four hours after the entry of the judgment, appeal therefrom to the Superior Court then next to be held in the county, in which case no execution shall issue on the judgment appealed from, and the case shall be entered, tried, and determined in the court appealed to, in like manner as if it had been originally commenced there."

A petition to vacate a judgment or for a writ of review is, in the broad sense of the words, a civil action. There is nothing in the statutes in regard to writs of review and petitions to vacate judgments that excepts them from the provisions for an appeal which apply to other actions. It has always been the policy of our law to give to the parties in actions before trial justices, and district, police, and municipal courts, a right of appeal from the decision of the magistrate on every question of law or fact that may arise at the trial. Without this right of appeal a petitioner who had good grounds for setting aside a judgment would be remediless if the magistrate should erroneously decide against him. While he might in the first instance have made his application to the Superior Court, in which he would have had a right of exception to any erroneous ruling in matter of law, he would be precluded from making such an application after an adjudication against him in the Municipal Court. In like manner, the respondent would be forever bound by the decision of the justice. While it is true that the granting or refusal of a writ

of review or an order to vacate a judgment is largely within the discretion of the court, it often involves the decision of questions of law as well as questions of fact. To hold that there is no way of revising an erroneous decision of a judge of a police, district, or municipal court, in cases of this kind, would introduce an anomaly into our law.

When this petition was brought, the petitioner might have applied to the Superior Court instead of the Municipal Court, but under St. 1895, c. 234, §§ 1, 2, 8, and 9, passed since this petition was filed, such applications can only be made to the court in which the judgment was rendered. If it should be held that the provisions for an appeal are inapplicable to such petitions brought in police, district, and municipal courts, it would follow since the enactment of this statute that in no case could a judgment in either of these courts be reviewed or vacated on petition unless a judge of the same court should decide in favor of the petitioner. In view of the improbability that the legislature intended such a result, this statute, which takes away the right to apply to the Supreme Judicial Court or Superior Court, must be regarded as a legislative declaration that there is a right of appeal from the decisions of the inferior courts in such cases as well as in others.

In the opinion of a majority of the court, the order dismissing the appeal must be reversed, and the case will stand for hearing.

*So ordered.*