## BARNABAS CLARKE *vs.* CHARLES H. BACALL.

Suffolk.   March 16, 17, 1898. — May 20, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Municipal Court of Boston — Petition to vacate Judgment — Writ of Review — Appeal — Practice.*

All the considerations in favor of holding that an appeal may be taken from a judgment of the Municipal Court of Boston dismissing a petition to have a judgment vacated under Sts. 1893, c. 396, and 1894, c. 431, are equally applicable to cases under St. 1895, c. 234, relative to vacating judgments and writs of and petitions for review.

On a petition, on appeal, from the Municipal Court of Boston to have a judgment vacated, it is error for the Superior Court to order a writ of review to be issued instead of ordering the judgment to be vacated.

PETITION, filed in the Municipal Court of Boston, to have a judgment vacated. The petition was denied, and the petitioner appealed to the Superior Court. At the hearing that court granted the petition, and ordered that a writ of review issue thereon; and the respondent alleged exceptions. The facts appear in the opinion.

*A. E. Avery,* for the respondent.

*J. W. Corcoran,* (*W. B. Sullivan* with him,) for the petitioner.

KNOWLTON, J.   This is an appeal to the Superior Court from a decision of the Municipal Court of the city of Boston, denying a petition to vacate a judgment. The first exception is to the refusal of the judge to rule as follows : " This being a petition to vacate a judgment, and not a petition for a writ of review, this court has no jurisdiction over the same, and the decision of the lower court is conclusive." A petition for a writ of review is a civil action. *Davenport* v. *Holland,* 2 Cush. 1. *Winch* v. *Hosmer,* 122 Mass. 438. A petition to vacate a judgment under our statute is entered as a separate suit, like a petition for a writ of review, and is also in a broad sense a civil

action. *Yetten* v. *Conroy*, 165 Mass. 238. Appeals in such cases in district and police courts are allowed by our statutes. St. 1893, c. 396, § 24. Pub. Sts. c. 154, §§ 39, 43. The provisions of these statutes apply also to the Municipal Court of the city of Boston. St. 1894, c. 431, § 2. The case of *Yetten* v. *Conroy*, which was decided under St. 1893, c. 396, is conclusive upon the question before us. All the considerations in favor of holding that an appeal might be taken in such a case under that statute are equally applicable to cases under St. 1895, c. 234, which relates to vacating judgments and writs and petitions for review. There is no good reason for making a distinction in this particular between a petition for a writ of review and a petition to vacate a judgment. The difference between them is in form rather than in substance.

A petition of a court refusing to vacate its own judgments or decrees may be appealed from as well as any other decision. *Gale* v. *Nickerson*, 144 Mass. 415. *Tucker* v. *Fisk*, 154 Mass. 574. *Yetten* v. *Conroy*, 165 Mass. 238. That St. 1895, c. 234, § 2, does not permit the filing of a petition for a writ of review, or to vacate a judgment, in the Supreme Judicial Court or Superior Court, when the judgment was rendered in a police, district, or municipal court, does not deprive the Superior Court of its appellate jurisdiction. Even under former statutes, a petition to vacate a judgment could be filed only in the court in which the judgment was rendered. *Stillman* v. *Donovan*, 170 Mass. 360. The ruling requested was rightly refused.

The court ordered a writ of review to issue, and the respondent excepted to this order. This exception must be sustained. The petition is to vacate the judgment, not to issue a writ of review. Upon the finding of the court the prayer of the petitioner should have been granted, and the judgment vacated. The statute provides that, upon vacating a judgment, " any appropriate proceedings may be had, as if such judgment had not been entered." St. 1895, c. 234, § 3. The order should have been that the judgment be vacated, and that an attested copy of the order be sent to the Municipal Court. On receipt of such a copy, the original case would stand for further proceedings in that court. The finding of the court in favor of the petitioner will stand, but the order that a writ of review be granted is set aside.

*Exceptions sustained.*