M. PETER ANDERSEN *vs.* WARREN L. BISHOP & another.

Middlesex.    October 6, 1939. — November 28, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*District Attorney. Actionable Tort.*

A district attorney was immune to liability in tort to one who alleged that he improperly entered a *nolle prosequi* and thereby prevented the plaintiff from recovering a loss from the indicted defendant and another.

CONTRACT OR TORT. Writ in the Superior Court dated May 9, 1938.

Demurrers were sustained by *F. T. Hammond*, J.

*M. P. Andersen, pro se,* submitted a brief.

No argument nor brief for the defendants.

Cox, J.   The plaintiff appealed from the orders of the Superior Court sustaining the several demurrers of the defendants to the plaintiff's declaration, which is in three counts.  The gist of the first two counts of the declaration is that the defendants "conspired maliciously and, or, corruptly to nol pross" certain indictments and "to prevent the plaintiff from recovering for his damage and losses sustained thru the false testimony" given by one Wyman, and "under pressure" of the defendants named in the indictments alleged to have been "nol pross'd" and "That in nol pross'ing the indictments the defendants violated their oath of office, abused the power of their office, and prevented the plaintiff from recovering according to law, from Robert B. Wyman or his estate, . . .   [and the two defendants alleged to have been named in the indictments] for his damage and losses sustained thru the false testimony given by Wyman and under pressure of . . . [said defendants named in the indictments], all to the great damage and losses of the plaintiff, and for which the plaintiff now seeks to recover."   The third count is as follows: "The plaintiff now seeks to recover from the defendants in this action, this which he otherwise .could and would have recovered from Robert B. Wyman, or his estate, . . . [and said defendants named in the indictments]."   The demurrer of each defendant sets out four identical grounds: "1. The declaration does not state a legal cause of action. 2. This court has no jurisdiction on the subject matter complained of.  3. The plaintiff is not a party aggrieved since the Commonwealth and the parties referred to as defendants in the criminal action are the only parties involved.  4. The *nolle prosequi,* the apparent basis for the plaintiff's alleged complaint as set forth in the declaration, is the prerogative of the prosecutor and was exercised in the prosecutor's sound discretion in the interests of justice."

No citation of authorities is required to demonstrate that the third count of the declaration does not state the sub-

stantive facts necessary to constitute a cause of action. It contains no suggestion of any contractual relation between the parties or of the breach by the defendants of any duty owed by them to the plaintiff.

The first two counts, however, attempt in a vague and ineffectual manner to base a civil action upon the conduct of the defendants, as district attorney and assistant district attorney of the Northern District, in entering a *nolle prosequi* on certain indictments returned by the grand jury for the county of Middlesex, which comprises the Northern District. In the case of *Pratt* v. *Gardner*, 2 Cush. 63, it was held that the demurrer was rightly sustained to the declaration, which alleged, in substance, that the defendant, a justice of the peace, wilfully and maliciously received a false and groundless complaint against the plaintiff for a criminal trespass, and thereupon wilfully and maliciously issued his warrant upon which the plaintiff was arrested and carried before the defendant for trial, and was by him wilfully and maliciously tried and convicted without being allowed an opportunity to obtain witnesses and counsel; — that, upon such conviction, the defendant maliciously sentenced the plaintiff to pay a fine; and that, upon his refusal to pay the same, the plaintiff was committed by order and warrant of the defendant to jail. It was said by Shaw, C.J., at page 70, "that where the subject matter and the person are within the jurisdiction of the court, the judge, whether of a superior or inferior court, is justified. His judgment may be revised in an appellate court, and reversed or affirmed; but he himself can be liable only to an impeachment for corruption or other misconduct, if there be any." This was in 1848. In 1935, in the case of *Allard* v. *Estes*, 292 Mass. 187, it was said by Rugg, C.J., at pages 189–190: "It is a principle lying at the foundation of our jurisprudence, too well settled to require discussion, that every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law. This immunity is founded upon considerations of public policy to the end that the administration of justice may be inde-

pendent, based upon free and unbiased convictions and not influenced by apprehension of personal consequences." See cases cited at page 190. In the case of *Wells* v. *Stevens*, 2 Gray, 115, at page 119, it was said: "Judges and magistrates are responsible to the government from which they derive their authority, but not to individuals, for the negligent performance or wilful violation of official duty. They are liable to impeachment for corruption or other misconduct; but are exempt from answering in private actions for acts done in the course of the administration of justice, where they have jurisdiction of the cause, and of the party to be affected by its decision." That there is a distinction between the cases where the judge is acting within the limits of the jurisdiction conferred upon him and where the act is not within his jurisdiction or in the exercise or discharge of his ministerial power or duties is pointed out in *Sullivan* v. *Jones*, 2 Gray, 570, 572. See *Kelly* v. *Bemis*, 4 Gray, 83; *Fisher* v. *Deans*, 107 Mass. 118. The principle that judges are exempt from liability from any action for any judgment given by them in the due course of the administration of justice has been said to extend to jurors, *Hoosac Tunnel Dock & Elevator Co.* v. *O'Brien*, 137 Mass. 424, 426, and in that case it was held that the same considerations of public policy apply and the same immunity extends to an arbitrator appointed by the court. Compare *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174; *Brown* v. *Wimpenny*, 239 Mass. 278; *Jaffarian* v. *Murphy*, 280 Mass. 402.

It is the general rule that this same exemption applies to prosecuting officers. *Yaselli* v. *Goff*, 12 Fed. (2d) 396, where there is an exhaustive review of the decisions in England and in this country; affirmed 275 U. S. 503. *Cooper* v. *O'Connor*, 99 Fed. (2d) 135. *Anderson* v. *Manley*, 181 Wash. 327. It is true that the cases cited in this paragraph were for malicious prosecution, but in our opinion the principle stated should be applied in the case at bar.

It was said by Rugg, C.J., in *Attorney General* v. *Tufts*, 239 Mass. 458, at page 489: "The powers of a district attorney under our laws are very extensive. They affect to

a high degree the liberty of the individual, the good order of society, and the safety of the community. . . . The authority vested in him by law to refuse on his own judgment alone to prosecute a complaint or indictment enables him to end any criminal proceeding without appeal and without the approval of another official. . . . It [the office] is a public trust." One of the general powers of a district attorney is to enter a *nolle prosequi.* See G. L. (Ter. Ed.) c. 277, § 70A; c. 90, § 24, as amended by St. 1936, c. 434, § 1 (3). The plaintiff alleges in his declaration that, in entering the *nolle prosequi* as alleged, the defendants violated their oath of office, abused the power of their office and prevented him from recovering against other individuals. Clearly the alleged acts were within the power of the defendants. The public interest requires that persons occupying such important positions as did these defendants and being so closely identified with the judicial department of the government should not be liable to private suits for what they do in the discharge of their official duties, and such officers are entitled to the protection that the law gives them, not because of concern for their personal immunity, but because such immunity tends to insure zealous and fearless administration of the law.

We have preferred to consider the allegations in the first two counts of the declaration on this broad ground and nothing that has been said is intended to give any standing to the words "maliciously" and "corruptly." These are mere epithets which cannot change or qualify the material facts. *Pratt* v. *Gardner,* 2 Cush. 63, 71. *Caverno* v. *Fellows,* 286 Mass. 440, 443. Nor do we intimate that these two counts otherwise state a cause of action. *McCarthy* v. *Hawes,* 299 Mass. 340, 344, and cases cited.

The orders sustaining the demurrers are affirmed, and judgment is to be entered for the defendants. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53.

*So ordered.*