*Municipal Court of the City of Boston*
No. 383389
**WILLIAM F. MORIARTY**
v.
**VINCENT A. MOTTOLA**
(October 8, 1954)

*Roberts, J.* This is an action of tort. The plaintiff has alleged that the defendant was guilty of misfeasance and non-feasance while acting as a Special Justice in a criminal session of the Municipal Court of the City of Boston, where the plaintiff was found guilty of the statutory offense of "larceny by check," it being alleged that upon appeal to the Superior Court he was found not guilty, (G. L. c. 266, §37. *Fuller v. Home Indemnity Co.*, 318 Mass., 37, 40, 41.) The demurrer filed on behalf of the defendant was sustained on the basis that the plaintiff's declaration did not set forth a valid cause of action, and the case is before this Division on the appeal of the plaintiff from the order sustaining the demurrer.

Whatever may be the rule elsewhere, it has long been established in this Commonwealth "that every judge, whether of higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law." *Allard v. Estes*, 292 Mass. 187, 189, 190; *Pratt v. Gardner*, 2 Cush. 63. The same rule applies to district attorneys and their assistants. *Andersen v. Bishop*, 304 Mass. 396.

Under the provisions of G. L. c. 218, §4, the Municipal Court of the City of Boston is a court of superior and general jurisdiction. *Goldman v. Adlman*, 291 Mass. 492, 496.

It is not argued that the Municipal Court of the City of Boston did not have jurisdiction of the

criminal proceeding involved, nor could such a contention be maintained. *Long v. George*, 290 Mass. 316, 322. Further, it is not contended that there has been a mistake in the exercise of jurisdiction or that the defendant acted outside of his jurisdiction over the subject matter. *Jaffarian v. Murphy*, 280 Mass. 402, 405.

Much of the plaintiff's declaration contains highly objectionable and irrelevant material, the responsibility for which counsel must share. In the opinion of this Division the plaintiff's position is untenable; he has commenced and is prosecuting on appeal a groundless cause. *Allard v. Estes*, 292 Mass.

*Order sustaining demurrer affirmed.*

*Report dismissed.*

Herbert Lord, for the plaintiff.
Samuel H. Cohen, for the defendant.