*Northern District*

No. 5087

## RUBIN GLASS & MIRROR CO.
### v.
## LAWRENCE T. KENNEALLY

(August 7, 1957)

*Present:* GADSBY, P. J., ENO AND BROOKS, JJ.

*Eno, J.* The defendant in this action of contract on a promissory note was defaulted on the erroneous assumption that the defendant agreed thereto. Thereafter the damages including attorney's fees were assessed by the clerk in accordance with a memorandum submitted by the plaintiff's attorney.

The note contained the following clause:

"We, any, or either of us, hereby authorize and empower any Attorney or any court of record to appear for the undersigned and each or any of

them, confess a judgment for the amount then due thereon, together with costs of suit and reasonable attorney's fee."

The defendant, upon receipt of a notice from the court stating that the case was "defaulted by agreement", filed a *motion to vacate the judgment*, and the following requests for rulings:

"1. The evidence presented at the hearing warrants a finding in favor of the defendant.

2. The evidence warrants a finding in favor of the defendant under G. L. c. 250, §15.

3. The evidence warrants a finding that the defendant has sustained the burden of proof on this motion which warrants the court in making a finding for the defendant.

4. If the court believes the testimony of the Clerk and the contents of the record on the docket, the court is required to make a finding for the defendant.

5. The evidence is sufficient to warrant the court in finding that an error has been made by the Clerk which would warrant the court in making a finding for the defendant.

6. The evidence produced at the hearing requires the court to rule as a matter of law that an error has been made by the Clerk and that the judgment should be set aside.

7. The court is warranted in treating the motion in substance as a petition to vacate judgment.

8. Upon all the evidence produced, the court is required to make a finding for the defendant."

After hearing the parties on statements of counsel and the clerk, the court denied the motion and made the following findings of fact:

"The Motion to declare void the judgment entered herein and motion to vacate came on for hearing and was argued by counsel for the plaintiff and defendant and the Court, before ruling on the said motion, talked with Orrin P. Barstow, the Second Assistant Clerk of this Court in the presence of counsel for the plaintiff and defendant and Mr. Barstow examined civil docket record

number 2269 of 1956, which is incorporated by reference.

"The attorney for the defendant stated that he telephoned the plaintiff and notified the plaintiff's attorney that he would not be present at the call of the list on September 21, 1956, but did not agree that a default should be entered by agreement.

"Mr. Barstow reported that he received from the plaintiff's attorney, a paper filed with Case number 2269 of 1956 "Memo of Damages" and that the judgment in this case was made up from the figures set forth in said paper.

"The defendant received a notice of default in which it said that the default was by agreement. This was the last notice the defendant received from this Court until after the execution issued from this Court.

"The defendant duly filed requests for rulings of law numbered 1-2-3-4-5-6-7 and 8 all of which the Court denies.

"The within Motion is hereby denied".

The case is before us at the request of the defendant for the denial of his motion and requests for rulings, and also for "the failure of the Court to set forth in his finding a statement of the findings of fact and rulings of law so that the defendant could be apprised of his finding of fact and the rulings of law which actuated this Court in dismissing the motion".

By his seventh request the defendant suggests that his motion be treated as a petition to vacate judgment. We are of opinion that that cannot be done. There is a wide distinction between a motion and a petition to vacate judgment.

██ ██ The former may be filed only by the prevailing party G. L. (Ter. Ed.) c. 250, §14, while the latter is a new proceeding, *Beserosky v. Mason*, 269 Mass. 325; *Maker v. Bouthier*, 242 Mass. 20;

and may be filed by either party, G. L. (Ter. Ed.) c. 250, §15.

■■ Furthermore an entry fee is payable for a petition to vacate judgment, G. L. (Ter. Ed.) c. 262, §2, and since it must be brought in the district court where the original judgment was rendered, *Hopkinton v. Sturtevant Co.*, 285 Mass. 272, it is appealable directly to the Superior Court and not to the Appellate Division, *Yelten v. Conroy*, 165 Mass. 238; G. L. (Ter. Ed.) c. 231, §108; *Lynn Gas etc, Co. v. Creditor's Nat. Clearing House*, 235 Mass. 114; *Donnelly v. Montague*, 305 Mass. 14.

Therefore, since the motion to vacate judgment is not the proper method of seeking a correction of the judgment rendered in this action, the report is to be dismissed without prejudice.

No brief or argument for the plaintiff.

Arthur C. McCarthy, for the defendant.