*Southern District*

**RONALD KLEIN**

**v.**

**REBECCA CHAPMAN**

*Present:* Nash, P. J., Cox and Sgarzi, JJ.

Case tried to *Murphy, J.,* in the Third District Court of Bristol. No. 605.

*Sgarzi, J.* The plaintiff brought this *petition to vacate a judgment* entered for the defendant in a tort action between these parties, which was tried in the Third District Court of Bristol on March 19, 1959. After a the plaintiff requested a report which was denied after hearing on the ground that

finding for the defendant in the tort action notice of the filing of the request for report had not been given to the defendant on the day of the filing. Claiming to be aggrieved by the denial of his request for report the matter was appealed to this Division which found prejudicial error. At this point a hearing on the draft report was in order but the case went to judgment in the ordinary course because there was no entry in the records of the Clerk that a Draft Report had been filed. Subsequently the defendant obtained an execution and the plaintiff brought this *petition to vacate judgment and to supersede the execution.*

Upon the hearing of this petition the plaintiff filed certain requests for rulings of law. The judge denied the petition and wrote a decision in which he found as a fact that the plaintiff had not filed his draft report as required by Rule 28 of the Rules of District Courts. He also denied the plaintiff's first request for ruling of law reading as follows:

"1. That the draft report was in fact filed in the Third District Court of Bristol."

The case is here upon the petitioner's claim that he is aggrieved by the denial of this request.

█■█ The defendant in her brief questions the jurisdiction of this Division to hear the appeal. It is well established that Appellate Divisions of District Courts have authority to hear and determine questions of law arising in trials in the District Courts where no right

of appeal to the ,Superior Court exists. *Lynn Gas & Electric Co. v. Creditor's National Clearing House,* 235 Mass. 114; *Beserosky, v. Mason,* 269 Mass. 325; *Donnelly v. Montague,* 305 Mass. 14, 17.

Prior to the enactment of what is now G. L. c. 231, §103 appeals from decisions of District Courts could be made to the Superior Court where a trial *de novo* could be had. By this statute when a party elects to bring in a District Court an action which he might have commenced in Superior Court, he is deemed to have waived his right of trial by jury and his right of appeal to the Superior Court. §108 of c. 231 goes on to establish Appellate Divisions of District Courts to which questions of law arising in trials in the District Courts in such cases, where the right of appeal to the Superior Court has been waived, may be reported for determination.

It follows, therefore, that when an action is brought in a District Court by compulsion rather than election, the right of appeal to the Superior Court is not impaired and G. L. c. 231, §108 granting the right to report questions of law to the Appellate Division has no application. *Home Finance Trust v. Rantoul Garage,* 300 Mass. 86.

█ A petition to vacate judgment is a civil action, independent of the action resulting in the judgment sought to be vacated, and *must* be brought in the court in which that judgment was rendered. *Clarke v. Bacall,* 171 Mass. 292; *Yetten v. Conroy,* 165 Mass. 238;

*Stillman v. Donovan,* 170 Mass. 360; G. L. c. 250, §15.

From the dismissal of a petition to vacate judgment there is a right of appeal but since it is a proceeding which in this case *had to be brought* in the District Court and could not have been brought in the Superior Court, the right of appeal is to that tribunal and Appellate Division procedure is not applicable. *Hopkinton v. B. F. Sturtevant Co.,* 285 Mass. 272; *Lynn Gas & Electric Co. v. Creditors Nat. Clearing House,* 235 Mass. 114.

It may be further observed that a petition to vacate a judgment raises no question of law but is addressed largely to the sound discretion of the court. *Herlihy v. Kane,* 310 Mass. 457; *Russell v. Foley,* 278 Mass. 145.

On the facts reported in this case it does not appear that the discretion of the court was abused. *The report is ordered dismissed.*

Milton D. Klein of Boston, for the Petitioner.

George P. Ponte of New Bedford, for the Respondent.