> John P. Forte, J.
> James B. Tiffany, J.
> Richard L. Banks, J.

This certifies that this is the opinion of the Appellate Division in this cause.

> Charles R. Jannino, Clerk
> Appel. Div.

**COMMONWEALTH
OF MASSACHUSETTS**

vs.

**Steven L. MARSDEN**

**No. 8677**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**October 16, 1981**

**Kevin C. Mc. Lean, Esq.,** counsel for plaintiff
**J. Bert Swain, Esq.,** counsel for defendant

## OPINION

**FORTE, J.** This is an appeal from the dismissal of a draft report after a "civil hearing" following the defendant receiving two minor motor vehicle violation citations.

The chronological history of the events is as follows:

**June 29, 1979:** defendant issued two minor motor vehicle violation citations.

**June 30, 1979:** defendant requested a "non-criminal" hearing before clerk/magistrate. Found responsible. Defendant appealed for trial **de novo** before a judge.

**November 2, 1979:** defendant requests initial trial by jury. Court orders criminal complaint to issue and forwards, without trial, complaint to six-person jury session.

**January 23, 1980:** Judge in six-person jury session dismisses complaints on the grounds criminal complaint should not have issued.

**February 6, 1980:** district court issues summons to the defendant for date at which court will hear appeal from clerk/magistrate's hearing.

**March 24, 1980:** Judge hears appeal and finds defendant responsible.

**April 3, 1980:** defendant filed motions.

**April 29, 1980:** defendant's motions denied.

**May 8, 1980:** draft report filed.

**May 14, 1980:** draft report dismissed on grounds Appellate Division does not have jurisdiction.

**May 19, 1980:** draft report on dismissal filed.

**July 3, 1980:** after hearing, Court orders an amended draft report to be filed.

**August 8, 1980:** amended draft report filed.

**August 11, 1980:** report settled.

The Appellate Division must first concern itself to the issue of its jurisdiction. G.L. c. 231, §. 108 created the Appellate Division " ... for the rehearing of matters of law arising in civil causes therein ..." Thus, the Appellate Division has no jurisdiction in criminal cases.

Whether what follows from the issuance of a minor motor vehicle citation is criminal or civil was answered in **Commonwealth v. Germano,** 1979 Mass. Adv. Sh. 2537, decided November 23, 1979. There the Court concluded the Legislature, in adopting G.L. c. 90, § 20F in St. 1978, c. 478, § 41, "intended to conform the procedure for prosecuting violations under § 20F to that already in effect for the prosecutions of parking violations", **ibid** at 2545. At pages 2542-2543, it described that procedure as allowing "those charged with parking violations to pursue one of two options: (1) confess the offense charged and pay a specified fine, thus securing a non-criminal disposition, or (2) contest the charges in a criminal proceeding, St. 1934, c. 368 §1."

In the instant case, the defendant did not avail himself of the non-criminal disposition by confessing the offense charged and paying the maximum fine provided. Therefore, the matter remains criminal and the Appellate Divison has no jurisdiction.

Report dismissed.

Elliot T. Cowdrey, P.J.
John P. Forte, J.
Richard L. Banks, J.

This certifies that this is the opinion of the Appellate Division in this cause.

Charles R. Jannino, Clerk
Appel. Div.