Doyle, P.J.
This appeal is predicated on the dismissal of a complaint for civil contempt filed by Members of the Board of Selectmen of the Town of Burlington (“Town”) to remedy Gerard D’Entremont’s (“D’Entremont”) refusal to comply with a G.L. c.140, § 157 court order to deliver his dog to the Town for destruction.
Administrative and judicial proceedings against D’Entremont originated in 1985 after a child was attacked and mauled by D’Entremont’s dog, “Baron.” In December, 1985, Town Selectmen ordered that the dog be turned over to the Town and destroyed. On January 17,1986, D’Entremont filed in the Woburn Division of the District Court Department a petition for review of the Town order pursuant to G.L. c.140, §157.[2] A Woburn Division magistrate affirmed the Town order on February 14, 1986; and the trial justice, after hearing, entered an order on June 23,1986 requiring D’Entremont to deliver his dog, Baron, to the Town of Burlington within two days to be destroyed. The defendant failed to comply with this court order.
On August 20,1986, the Town of Burlington filed a complaint for contempt seeking the issuance of a Mass. R. Civ. P., Rule 65.3(d)[3] summons to D’Entremont and an award of damages in the form of attorneys’ fees and fines for D’Entremont’s alleged continuing violation of the Court’s order. After hearing, the trial court suggested that the controversy was one more appropriate for criminal contempt remedies and ordered that proceedings be commenced pursuant to Mass. R. Crim. P., Rule 44. A complaint was issued under G.L. c. 140, § 157 for non-compliance with a court order and the case was transferred for trial to the Lowell Division, Jury of Six.[4]
*180 The Town simultaneously requested a report to this Division challenging the trial court’s purported denial of the Town’s application for an order of civil contempt. The trial justice disallowed the Town’s draft report. We subsequently denied a petition to establish such draft report on the grounds that the Town’s appeal remained premature until the trial justice made an actual adjudication of the Town’s contempt complaint. The trial justice thereafter forwarded to this Division his voluntary report of what is described as a denial of the Town’s complaint for civil contempt on the grounds that such contempt was an inappropriate remedy for a violation of G.L. c.140, §157.
1. The jurisdiction of the Appellate Divisions of the District Court Department is restricted to “the rehearing of matters of law arising in civil cases ... in claims for compensation of victims of violent crimes, and in civil motor vehicle infractions.” G.L. c.231, §108. Proceedings involving Mr. D’Entremont were instituted in the District Court Department solely by virtue of the judicial review provisions of G.L. c.140, §157. The Appellate Division enjoys no jurisdiction to review proceedings commenced pursuant to that statute.
First, G.L. c.140, §157 provides for punishment by fine and imprisonment and is thus a penal statute. The Appellate Division is devoid of any criminal jurisdiction. Commonwealth v.Marsden, 1981 Mass. App. Div. 231. Second, the exclusive forum for judicial review of a Town’s dog restraint or disposal orders is confined by § 157 to the district court within the judicial district in which the animal in question is owned or kept. Cases which are brought in the District Court Department by statutory compulsion rather than election are traditionally beyond the scope of this Division’s jurisdiction, absent a clear expression of a contrary legislative intent. Donnelly v. Montague, 305 Mass. 14, 17-18 (1940); Bickford v. Pisani, 58 Mass. App. Dec. 116, 117 (1976); Klein v. Chapman, 22 Mass. App. Dec. 8, 10; Town of Stow v. Libby, 18 Mass. App. Dec. 188, 189 (1960).
Third, the statute mandates that “ [t]he decision of the [district] court shall be final and conclusive upon the parties.” Such legislative restriction upon appellate review has, under other statutory schemes, effectively confined parties aggrieved by substantial errors of law to actions for extraordinary review in the nature of certiorari. Deely v. Boston Redevelopment Authority, 1980 Mass. App. Div. 101, 102-103 and cases cited. See, e.g., for Civil Service Commission appeals, Murray v. Second District Court of Eastern Middlesex, 389 Mass. 508, 511 (1983). Further review of District Court Department petitions for review of administrative decisions or rulings has been held to be beyond the jurisdiction of the Appellate Division in the following areas: Employment Security appeals, G. L. c.\5\A, Sinclair v. Director of Employment Security, 8 Mass. App. Dec. 13, 14 (1954); Firearm Licensing cases, G. L. c.140, §131 Bickford v. Pisani, at 117; Rent control decisions, Black v. Zuker, 48 Mass. App. Dec. 156 (1971). Where a district court’s judicial review of an administrative determination is expressly rendered final by statute, no appeal may be prosecuted to this Division absent an unequivocal legislative direction to the contrary.
Finally, the Appellate Division possesses no general jurisdictional authority to consider questions of law arising in civil or criminal contempt proceedings which are not initiated in the context of an action otherwise reviewable by this Division.[5] District court criminal contempt orders are reviewable by the *181 Appeals Court pursuant to Mass. R. Crim. P. 44(b). Issues of law arising in civil contempt proceedings could be considered by the Supreme Judicial Court pursuant to that tribunal’s G. L. c.211, §3 superintendence powers.
2. We note by way of dictum that no real question arises as to a district court’s authority to issue civil contempt orders. It is generally acknowledged that “every court of superior jurisdiction has the inherent power to compel obedience to its decrees and to punish those who obstruct or degrade the administration of justice.” New England Novelty Co. v. Sandberg, 315 Mass. 739, 746 (1944). See also, Doe v. Commonwealth, 396 Mass. 421, 422 (4985); Opinion of the Justices, 314 Mass. 767, 776-778 (1943). Distict and municipal courts are courts of superior and general jurisdiction with reference to all cases in which they have jurisdiction. G.L. c.218, §4; Police Comm'r of Boston v. Municipal Court of the Dorchester District, 374 Mass. 640, 666 (1978); Moriarty v. Mottola, 8 Mass. App. Dec. 45 (1954); Allard v. Estes, 292 Mass. 187, 190 (1935) and may thus be considered to be clothed with the requisite judicial power to enforce or to punish by contempt. The quintessential aspect of such inherent authority is that it is discretionary. A party is not entitled to the issuance of a contempt order in those instances where other coercive and remedial options are available to the court. Accordingly, we would discern no error in the trial court’s dismissal of the Town’s civil contempt complaint in this case.
3. Report dismissed.

 Section 157 provides, in pertinent part: “Within ten days after such order, the owner or keeper of such dog may bring a petition in the district court within the judicial district of which the dog is owned or kept... praying that the order may be reviewed by the court, or magistrate thereof, and ... the magistrate shall review such action, hear the witnesses and affirm such order unless it shall appear that it was made without proper cause or in bad faith, in which case such order shall be reversed. Any party shall have the right to request a de novo hearing on the petition before a justice of the court. The decision of the court shall be final and conclusive upon the parties. Any person owning or harboring such dog who shall fail to comply with any order of the selectmen ... or district court... shall be punished by a fine of not more than twenty-five dollars for the first offense and not more than one hundred dollars for a second or subsequent offense, or by imprisonment for not more than thirty days, for the first offense and not more than sixty days for a second or subsequent offense, or both."

 We note that Mass. R. Civ. P. 65.3(d) is not formally embodied in the Dist./Mun. Cts. R. Civ. P.

 After trial byjury, D’Entremont was found not guilty of criminal contempt on September 22,1987.

 See, e.g., appeal of matters of law arising in contempt proceedings instituted to address noncompliance with a Civil Motor Vehicle Infraction summons or non-payment of a fine or assessment, Uniform Rules on Civil Motor Vehicle Infractions (Trial Court Rule VII) (c) (8).