LARIE A. CARMEL & another[1] *vs.* ALFRED GRANDBOIS & another.[2] No. 87-656. May 4, 1988. *Dog. Municipal Corporations,* Police, Dog officer.

The language in G. L. c. 140, § 159 (as appearing in St. 1934, c. 320, § 22), "a dog which the selectmen of a town, chief of police of a city or the county commissioners, or, upon review, a District Court, shall have ordered to be restrained," makes reference to the restraint order authorized by G. L. c. 140, § 157, as appearing (in its application to this case) in St. 1978, c. 478, § 73. A restraint order under § 157 requires (1) a complaint in writing concerning the dog's vicious disposition or excessive barking, (2) an investigation initiated by the chief of police (in the case of a city, as here), which shall include an examination of the complainant under oath, and (3) an order, issued in the name of the chief of police, for the restraint of the offending dog or, if necessary, its disposal. Such an order is subject to judicial review in a District Court, on a petition filed within ten days from issuance of the order. The relationship between § 157 and § 159 is borne out by an examination of their predecessor statutes from initial enactment (St. 1791, c. 38, §§ 2 and 4) to the last major revision (St. 1934, c. 320, §§ 20 and 22). A restraint order under § 157 is thus a precondition of the application of the treble damages provision of § 159 in an action for damages against the owner of the dog. In the absence of a restraint order

---

[1] The action was brought by Lila Ferrazzano, individually, and as the mother and next friend of Larie A. Carmel.

[2] Henrietta Grandbois.

under § 157, the plaintiff in such an action is confined to the compensatory damages authorized by G. L. c. 140, § 155, which is the successor statute to the earlier, double-damages statutes relied on by the plaintiffs in their brief. See St. 1812, c. 146, § 3; Rev. Sts. c. 58, § 13 (1836); Gen. Sts. c. 88, § 59 (1860); Pub. Sts. c. 102, § 93 (1882); R.L. c. 102, § 146 (1902); G. L. c. 140, § 155, 1921; and G. L. c. 140, § 155, as in effect from 1921 to the effective date of St. 1934, c. 320, § 18.

The two citations issued by the dog officer prior to the minor plaintiff's injury on April 12, 1981, were not restraint orders of the type described in § 157. They were not based on complaints in writing; they were not the product of an examination under oath; and they were not issued by or in the name of the chief of police. They contained no mention of the right to appeal to a District Court within ten days. They indicated that the offense (in each instance) arose under a municipal dog control law, and the offense checked was "unrestrained dog". So far as appears from an otherwise silent record, the citations may have been based on violations of a municipal leash law rather than faults of the type that justify a restraint order under § 157. It follows that it was error for the judge to treble the damages found by the jury.

The judgments are reversed. A new judgment is to be entered for the plaintiffs on counts one and two of the complaint in the amounts stipulated by the parties in the agreement dated February 3, 1987, and for the defendants on count three.

*So ordered.*

*Thomas L. Campoli* for the defendants.
*John A. Agostini* for the plaintiffs.