Curtin, J.
This is an action pursuant to G.L.c. 140, §159 to recover damages for personal injuries caused by the defendants’ dog. After trial, the judge found for the plaintiff and assessed statutory treble damages in the amount of $22,500.00. Following the entry of judgment for the plaintiff, the defendants filed this Dist/Mun. Cts. R.A.D.A, Rule 8C, appeal.
The very limited record before us indicates the following: The parties lived on adjoining properties in Newburyport, Massachusetts. Defendants Brian and Gail Derrivan owned two German Shepherd dogs, and plaintiff Marion Clay owned one. On July 17,1997, the plaintiff filed a written complaint with Chief Connors of the Newburyport Police Dept about the defendants’ dog, Zeus. The complaint requested a restraining order, referenced prior complaints about the dog, including a letter to the Mayor five months earlier, and indicated that the Newburyport dog officer was familiar with the case.
By letter dated July 28,1997, Newburyport Animal Control Officer Carol Larocque notified the defendants that their male German Shepherd dog was placed on a permanent restraining order pursuant to the provisions of G.Lc. 140, §157. The letter expressly advised the defendants to refer to the copy of the statute enclosed with the letter.[2] The *68 defendants did not file a §157 petition for judicial review or take any action, apparently, in response to the restraining order.
On September 11,1997, the defendants’ two dogs came into the plaintiff s back yard and made physical contact with the plaintiff and her dog. The plaintiff was injured during the altercation when she was knocked to the ground by the defendants’ dog.
On August 12,1988, the plaintiff commenced this G.L.c. 140, §159 action.
The defendants’ sole contention on this appeal is that the restraining order in question did not satisfy the requirements of G.L.c. 140, §157 and could not, therefore, serve as the basis for an award of damages under G.L.c. 140, §159. Relying on Carmel v. Gadbois, 25 Mass. App. Ct. 1000 (1988), the defendants argue specifically that the restraining order in question “contained no mention of the right to appeal to a District Court within ten days” and “was not the product of an examination under oatih” of the complainant Id. at 1001.[3]
The defendants did not of course, challenge the restraining order by means of the only procedure statutorily prescribed for doing so; namely, a G.L.c. 140, §157 petition for review filed within ten days after issuance of the order.[4] In rejecting the defendants’ contention on this appeal, however, it is unnecessary to address principles akin to the collateral bar rule which would prevent a defendants attack in a subsequent proceeding on the validity of an administrative order which the defendant never challenged or appealed in a timely or appropriate maimer. See, e.g., Labor Relations Commission v. Clover Leaf Corp., 372 Mass. 73, 76 (1977); Capodilupo v. Petringa, 5 Mass. App. Ct. 893 (1977); Boston v. Ditson, 4 Mass. App. Ct. 323, 337 (1976). See also Director of Div. of Employ. Sec. v. Mattapoisett, 392 Mass. 858, 860-861 (1984). Nor do we rely on those cases in which a failure to comply with statutory appeal requirements was deemed a waiver of an objection or appeal. See, e.g., Attorney General v. Bodimetric Profiles, 404 Mass. 152, 154 (1989); Garrett v. Director of Div. of Employ. Sec., 394 Mass. 417, 420 (1985); New Bedford Gas & Edison Light Co. v. Board of Assessors of Dartmouth, 368 Mass. 745, 752-753 (1975); Irving Coven Constr. & Realty, Inc. v. State Tax Commission, 5 Mass. App. Ct. 818 (1977); Mathias v. Rabidou, 1998 Mass. App. Div. 69, 70. Further, it is not even essential to discuss at length the obvious and critical inconsistency between the defendants’ objections to the restraining order and their admission in the trial court and before this Division that the restraining order was valid.[5]
The reason is that assuming arguendo that the defendants were entitled to challenge the restraining order in this action, they have Med to obtain or preserve for appellate review any ruling of law on the issues they now argue. The defendants did not file a Mass. R. Civ. R, Rule 41(b) (2), motion for involuntary dismissal or a Mass. R. Civ. E, Rule 64A(b), request for ruling of law that the evidence was insufficient either *69 to permit a finding that the restraining order satisfied the requirements of G.L.c. 140, §157, or to support an award of damages to the plaintiff on her G.L.c. 140, §159 claim. The defendants have thus waived appellate consideration of the arguments they now advance. Worcester County Nat'l Bank v. Brogna, 386 Mass. 1002, 1002-1003 (1982); Subway Real Estate Corp. v. Marinello, 1999 Mass. App. Div. 180, 180-181.
In any eyent, even if they were properly before us, there is nothing in the record to substantiate the defendants’ contentions of inadequacies in the issuance of the restraining order in question. Their argument that the order failed to apprise them of their right to a District Court appeal within ten days is obviously without merit in view of the undisputed evidence that an actual copy of G.L.c. 140, §157 was enclosed with the restraining order delivered to them. The statute unambiguously sets forth the right to a petition for judicial review. Second, the record is devoid of any evidence relevant to the defendants’ blanket assertion that the order was issued without an examination of the plaintiff under oath. Indeed, it is curious that in lieu of a transcript of trial evidence, the defendants elected to include in the appendix several pages of what appears to be closing argument by opposing counsel. Not surprisingly, plaintiffs counsel stated categorically that the defendants failed to advance any evidence that Newburyport did not comply with §157 requirements in issuing the restraining order in question.
Appeal dismissed.
So ordered.

 Section 157 of G.L.c. 140 provides, in pertinent part “If any person shall make complaint in writing to the... chief of police of a city... that any dog owned or harbored within his... jurisdiction is a nuisance by reason of avicious disposition or excessive barking or other disturbance... such... chief of police... shall investigate or cause to be investigated such complaint, including an examination on oath of the complainant and may make such order concerning the restraint... of such dog as may be deemed necessary. Within ten days after such order the owner or keeper of such dog may bring a petition in the district court within the judicial district of which the dog is owned or kept addressed to the justice of the comí, praying that the order may be reviewed by the court or magistrate thereof and after such notice to the officer or officers involved... the magistrate shall review such action, hear the witnesses and affirm such order unless it shall appear that it was made without proper cause or in bad faith, in which case such order shall be reversed. Any party shall have the right to request a de novo hearing on the petition before a justice of the court The decision of the court shall be final and conclusive upon the parties. Any person owning or harboring such dog who shall fail to comply with any order ... shall be punished by a fine of not more than twenty-five dollars for the first offense and not more than one hundred dollars for a second or subsequent offense, or by imprisonment for not more than thirty days, for the first offense and not more than sixty days for a second or subsequent offense, or both....”

 Carmel is inapposite. The defendant therein had been issued only citations for various leash law and other violations by his dog, but not a §157 restraining order. In the absence of an actual restraining order, no §159 damages could be recovered for a violation thereof. Section 159 of G.L.c. 140 states in relevant part: “If a dog which the ... chief of police of a city ... shall have ordered to be restrained shafl wound any person... the owner or keeper of such dog shall be liable in tort to the person injured thereby in treble the amount of damages sustained by him.” Unlike the situation in Carmel, an actual restraining order was issued in this'case, as the defendants necessarily concede.

 It may be noted that the Appellate Division does not have jurisdiction to review G.L.c. 140, §157 determinations. D’Entremont v. Melchionna, 1987 Mass. App. Div. 179, 180.

 The defendants’ brief on this appeal clearly states: “The Derrivans here are not challenging and have never challenged the validity of the restraining order on Zeus.”